Martin, J.
delivered the opinion of the court. This action is brought on a promissory note of the defendant for 2833 dollars 33 cents, dated June 3, 1813 and payable in July 1815. He pleaded the general issue, and further, that he had long satisfied the plaintiff, for the said note—that, long before its execution, the plaintiff owed him 1947 dollars 50 cents, with ten per cent interest from the 4th June 1813, for cash lent and services and favours rendered: referring to two notes of the plaintiff of that date, one for 1787 dollars 50 cents payable on demand, the other for 160 dollars payable on demand, without a date, and written with a pencil, and the plain *32 tiff agreed with him that if the said sum could not be procured from A. Lewis of Nashville, the note, on which the present suit is brought, would be considered as paid and satisfied, and the plaintiff gave him a power to sell said note—which not being able to effect, he wrote he took said note for himself and wrote to the plaintiff to keep it for him.
The notes are annexed to the answer and the plaintiff was called upon to answer on oath.
1. Whether they were not in his hand writing and subscribed by him ?
2. Whether he did not agree with the defendant that, if he could not sell the note sued upon for the sum mentioned in the power, or if the money could not be obtained from A. Lewis, the note would be considered as satisfied and he would keep the sum for the defendant and whether he did not offer to the defendant to exchange the note sued upon for what the plaintiff owed him ?
3. Whether, when he gave power to the defendant to sell the note, he did not consider that the latter might, if he thought proper, take the said note for himself, and consider himself the purchaser and owner of it, on the terms at which he was empowered to sell it: and whether the defendant did not write him, that he had been unable to sell the note and desired that he might keep it for him ?
The power alluded to, in the answer and inter *33 rogatories is annexed thereto. By it, the defendant is authorized to sell his bond, payable to the plaintiff, in June 1815, for 2000 dollars and upwards, at 25 per cent discount per annum, and the plaintiff promises to furnish the bond, on application after the sale.
In answer to the interrogatories, the plaintiff says that he presumes the notes and power, annexed to the answer, are in his own hand writing and subscribed by him : as he gave two notes for the sums mentioned in those referred to: the small one having been included in the other, and to be given up on demand or cancelled ?
The second interrogatory was answered in the negative ; the plaintiff adding that the object of offering the note for discount, was to pay the note of 1787 dollars 50 cents, and the balance was to be received by the plaintiff from the defendants on demand. It was understood the plaintiff was not to part with the defendant’s note, but to collect it from him.
The first part of the third interrogatory was answered in the negative ; as to the second, the plaintiff declared that the defendant wrote to him from Nashville, June 14, 1814, that the money was not procured and requested him by letter from Brunswick, December 13, 1814, to retain the note in his hands : which two letters, with one from New-York, *34 of November 20, 1815, are the only communications received by the plaintiff, from the defendant from the time the power of attorney was given till he was threatened with a suit.
The district court, considering that the law and evidence were in favour of the plaintiff, gave judgment against the defendant for 383 dollars 48 cents, with interest at 10 per cent from February 1, 1815.
The statement of facts consists of the notes referred to in the petition and answer, and of several letters from the parties.
Both parties prayed, obtained and gave bond for an appeal, but the record was brought up, by the plaintiff only ; the defendant’s counsel disclaiming his appeal.
The defendant prays that the plaintiff’s appeal be dismissed, because there was not any bond given by the plaintiff or taken by the district judge.
The defendant’s counsel infers that the bond was taken by the clerk and not by the judge, from the order of the latter, on the petition of appeal, that the appeal be granted on the petitioner giving security as directed by law. The record shews that the bond was given, which implies that it was taken; and we are to presume, in the absence of any proof of the contrary, that it was taken by the person, whose duty it was to take it.
The law made it the duty of the judge to take *35 security for the costs, and the appellant is bound to no more. To give security for costs is to secure the payment of costs. This certainly may be done otherwise than by executing a bond with a surety; it may be done by the deposit of a sum of money, by that of bank notes, if there be no doubt of the solvency of the bank. In the present case, it was done by the deposit of a bond, executed by two individuals, the solvability of whom is not disputed, by which they bound themselves to the appellee, in the sum ordered by the district judge, for the performance by the appellant of the decree of this court. Is not this a security for the payment of such costs as this court may decree the appellant to pay ? We believe it is. Had the appellant executed the bond, with one of these individuals, the appellee would not complain. Yet his security would be less: as the appellant would not be bound to less nor less effectually ; for a promise, to pay what a court will decree one to pay, adds nothing to the obligation.
The defendant declining to be considered as an appellant, we have only to enquire whether too much was not allowed to the plaintiff. This perhaps does not dispense us to inquire whether, as he contends, the plaintiff did not agree that the defendant’s note should be considered as satisfied. For, if we were satisfied of that, it would be clear that *36 we could not amend the judgment of the district court, so as to allow to the plaintiff a larger sum.
The defendant's note is not denied: we find nothing in the plaintiff's letters, which proves that it was to be considered as paid or satisfied by the defendant's claim on the plaintiff, nor that the plaintiff made any absolute promise to pay interest, or that the contingency, on which he promised to pay interest, happened.
The plaintiff is clearly entitled to the amount of the defendant’s note, 2833 dollars 33 cents, from which 166 dollars 33 1-3 cents, which were paid before the note became due, are to be deducted, but without the allowance of any interest. The defendant is further entitled to a credit for 1787 dollars 50 cts. for the amount of the plaintiff’s note, on which nothing authorises us to allow him any interest. These two sums make that of 1954 dollars 50 cts. to be deducted from the amount of the defendant’s note, which leaves a balance of 879 dollars 17 cents, which the plaintiff is entitled to recover, with interest from the date of the note, at ten per cent a year, as stipulated in the note, till paid.
The defendant having resorted to the plaintiff’s conscience to establish the note of 160 dollars, as well as the large one, and the plaintiff having sworn that the amount of this first note was included in that of the other, and that the defendant promised *37 to cancel or surrender it, the latter must be concluded by the plaintiff's answer, which perhaps derives verisimilitude, from the circumstance of the note being written with a pencil and being without a date.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of eight hundred and seventy-nine dollars and seventeen cents. $879 17, with interest at ten per cent per annum, from February 1, 1815, till paid, with costs of suit in both courts.