The opinion of the court was delivered by.
Pochtí, J.
A proper understanding of the! grounds of the motion *442 will be facilitated by a reference to the following pre-existing proceedings and incidents.
The object of the original suit was to judicially annul a contract entered into in October, 1884, between the city of New Orleans and the Waterworks Company, touching the water supply to the city.
In that suit the city and the company had been made co-defendants, and at first the city pleaded by exceptions and answers, praying for judgment against plaintiffs, its original answer having been filed in May, ÍSSL But subsequently the city shifted its position, and by means of an amended answer, filed in November, 1888, it joined its litigious fate to that of plaintiffs, and it prayed for the nullity of the contract originally assailed by plaintiffs alone.
In that answer the city prayed for leave “to join in the demand of plaintiffs herein; that the New Orleans Waterworks Company be cited according to law, and, after due proceedings, that there be judgment declaring Ordinance No. 909, C. S., adopted by the late Council of the City of New Orleans on the 23d of September, 1884, and signed and approved by the late mayor on the 26th day of September, 1884, and the alleged contract entered into before Jos. D. Taylor, notary, on the 3d of October, 1884, signed by J. Y. Guillotte, late Mayor, on behalf of the City of New Orleans, and Albert Baldwin, president, on behalf of the New Orleans Waterworks Company, null, void and of no effect, and not binding in any manner on the City of New Orleans.”
By a decree rendered in the District Court on the 6th of February, 1889, the contract between the City of New Orleans and the Waterworks Company was declared null and void, and of no binding effect on the City of New Orleans.
One of the clauses of the decree read as follows:
“ It is ordered, adjudged and decreed that the notarial contract entered into between the Oity of New Orleans and the New Orleans Waterworks Company on October 3, 1884, before Jas. D. Taylor, and also Ordinance 909, Council Series, adopted September 23, 1884, on which the said contract purports to have been made, and also Act No. 56 of the acts of the Legislature of the session of 1884, the provisions of which the said Ordinance No. 909 purports to execute, are unconstitutional, null and void and of no effect or validity.”
On appeal taken from that judgment to this court the following decree was rendered on the 22d of May, 1889;
*443 “ It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and annulled, and it is now ordered that plaintiff’s demand be rejected, the injunction issued herein dissolved and set aside, and the plaintiffs, tax payers, pay costs of both courts.”
From that judgment writs of error were sued out and lodged in the Supreme Court of the United States by both the original plaintiffs, E. Conery, Jr., et ais., and the Oity of New Orleans. Now, on the 5th of March last past there was filed in this court, an appeal taken in the same case and from the same judgment, rendered in the District Court on the 6th of February, 1889, by the Oity of New •Orleans, by its Mayor and by its Treasurer and its Comptroller, all separably complaining that there is error to the prejudice of the City of New Orleans in the judgment thus rendered and thus appealed from.
The Waterworks Company moves to dismiss this appeal on the grounds substantially, that the appeal which has been disposed of by this court in the case had'been taken from the entire judgment of the District Court, that it had been taken by motion in open court, thus making all parties to that judgment parties to the appeal, that the city in whose favor the judgment had been rendered in fact and in law was an appellee before this court, and, as such, was bound by the decree here rendered, which disposed of all the issues covered by the judgment of the District Court, and that the city is therefore stripped in law of the right of now appealing from said judgment, and that the present is really a second appeal from the same judgment.
The only difficulty -in the case is to discover or ascertain the real nature of the relief which the city now seeks at the hands of the court, and to determine its true character as a litigant in the case.
In the incipiency of the contest the city was made a party defendant, it accepted the position at first, and it pleaded as a co-defendant with the Waterworks Company.
Later on, it amended or rather reversed and'overturned its former pleadings, and its prayer was for judgment in favor of the original plaintiffs, almost in the very terms in which the judgment of the District Court was subsequently rendered. It stands to reason that the city did not appeal from that judgment, and on the trial in this court she assumed the position of an appellee, contending for the affirm *444 anee of the judgment then on appeal. This position was followed up by a brief of her attorney, strongly advocating and supporting an application for a rehearing on the decree rendered by this court, which had reversed the judgment of the District Court; and by suing out a writ of errors for the purpose of a reversal of the judgment of this court.
Throughout the whole trial she was considered and treated as a plaintiff and'as an appellee. The following statement is to be found in one of the opinions read in the case: “At the incipiency of the litigation the city was in fact and in law a party defendant * * * But in the progress of the litigation the city shifted her position and now she has practically made herself a party plaintiff. ” * * *
But apparently the present proceedings present a new shifting of scenes, and from the petitions of appeal filed by the city and by her above named officers, it appears that she is now dissatisfied with or aggrieved by the judgment originally rendered in her favor, and almost in the very terms of the prayer of her amended answer.
In this court no assignment of errors or other pleadings have been filed, suggestive of the way in which the city has been aggrieved by the judgment which she now seeks to have reviewed.
Recourse must therefore be had to the brief of her attorneys, and that conveys the information that the error of the District Judge consisted in ruling out evidence which the city had offered below in support of the contention urged by the original plaintiffs. No suggestion is made anywhere that the judgment which was reviewed .and reversed by this court was erroneous in any particular.
The city has therefore not yet concluded to re-shift her position of party plaintiff, and to resume that of a co-defendant, dissatisfied with the judgment rendered in her favor in the District Court.
The following statement in the brief of her attorneys contains the pith of her complaint, and suggests the only error which she desires to have corrected:
'“On January 10, 1889, the City of New Orleans offered evidence in support of its supplemental and amended answer. The same was objected to by Oonery et al., and by the Waterworks Company. The objections were sustained; counsel for the city reserved the point in lieu of a bill of exceptions to the ruling of the court. This ruling is to be submitted on this appeal for reversal or affirmance. (Italics are ours.)
*445 The city is therefore in the attitude of a litigant who has won his suit below, where he has obtained all the relief which he then sought, and who now proposes to appeal for the purpose of correcting an alleged erroneous ruling made by the judge during the progress of the trial. The present appeal is avowedly not from the judgment rendered below, but simply from a ruling covered by a bill of exceptions; the appeal is not even from an interlocutory decree or judgment. And this attitude is taken in the face of an appeal previously brought up from the only final judgment rendered in the case, in which the city, as an appellee, could have suggested and obtained a review of the error now complained of. It is but natural that the city, who then stood upon a judgment totally in her favor, had no mouth for complaint, and would not have ventured to risk her victory by a remanding of the cause. She did not then and she does not now complain of any error in the judgment which she seeks to bring up on appeal, and hence her position is still more untenable than that of the appellee contemplated by Art. 889 of the Code of Practice, which reads: “But if the appellee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not afterward be allowed to appeal, but the judgment shall remain irrevocable for or against him.”
In this case the city, originally an appellee, has never suggested that the judgment rendered below was prejudicial to her on any point, and it must be borne in mind that she could not, from the simple fact that the decree was in her favor on every issue presented and on every element of relief prayed for in her amended answer, by which she had practically made herself a party plaintiff.
Hence the city can not fortify her position by the two decisions which she invokes in support of her right of appeal at this time.
In the case of Poeyfarre vs. Delor, 7 Martin 3, the defendant had appealed from a judgment condemning him to deliver possession to plaintiff of a house and lot, and the judgment was affirmed. To his demand for possession plaintiff had joined a claim for damages, which had been ignored in the original judgment. After the affirmance of the judgment in his favor on the question of possession, plaintiff appealed from that part of the judgment which ignored his claim for damages.
The right of appeal was recognized on the distinctive ground that *446 that part or feature of the judgment had not been appealed from. Had plaintiff failed to appeal, the silence of the judgment on the question would in law have been equal to a rejection of his claim, and that judgment, becoming final, would have been a bar to a future action for the same damages. Villars vs. Faivre, 36 An. 398, and authorities there cited.
Hence the court correctly held that his only remedy was by appeal, a right which could not be affected by a previous appeal from a different and distinct feature of the judgment.
The other case, that of Bowman vs. Sheriff, 30 An. 1023, has no bearing on the question at issue, as appears from the following syllabus:
“ An appeal taken separately by one of two defendants, who have been condemned in solido, will not prevent the other from taking an appeal at a subsequent time within the legal delay.”
The foregoing considerations are predicated on the hypothesis that, in the previous appeal, in which the entire judgment was brought up, and was reversed in toto and in every particular, the city was before this court as an appellee in whose favor, adversely, to the appellant, the judgment on appeal had been rendered, and as such deeply interested in and actually contending.for its affirmance.
But that condition of things is now seriously denied by the City Attorney, who says in his brief:
“ The city was not before the court except,that its attorney was heard in argument as any amicus curies would undoubtedly have been, and the interests of the city were in no manner considered and passed upon.”
If this be true, by what right did the city obtain its writ of error before the Supreme Court of the United States? How could she complain of a judgment in which no interests of hers were considered ■ and passed upon?
But these questions are answered by the City Attorney himself, in the following passage taken from his brief, addressed to this court in support of the judgment then on appeal, not acting as an amicus curias appearing therein with the leave and courtesy of the court, but presented as a matter of right, and signed in his official capacity in behalf of the city, in an earnest effort to preserve all the rights flowing from the judgment under discussion.
The same counsel then said :
*447 “But the ease at bar is in no other way whatever the case of Conery et al., but on the contrary that of the city itself, of which they are only like other people, individual citizens. When, instead of associating itself with the Waterworks Company, the city, on the contrary, denounced it; and when, instead of assuming the situation of eodefendant on the record with the company, the city assailed the action of the same as fraudulent and oppressive, and that of the late city government as ultra vires and collusive, the function in the suit, as actors or plaintiffs of record assumed by Conery et al., were clearly no longer demanded of them, and evidently passed to the city as the true plaintiff, whose position, obscured as it undoubtedly had been, by the course of the late council for a time, is no longer now to be questioned. If these views are insisted upon here, it is because of their importance. It would be unworthy of the city to relinquish them; it would be contrary to good morals and correct public policy to do so, and it would be to diminish, if not to surrender, the just strength and character of the decision of the court in the case of Handy.”
And in an able and elaborate brief for rehearing in the same appeal, also signed in his official capacity, the learned and zealous City Attorney concluded with the following earnest appeal for redress on behalf of the city:
“In view of the premises, of the public importance of this litigation, of the instructions of the council, that it should be pursued in behalf of the city, of the great pecuniary interests involved, of the sincere differences of opinion which have been developed in relation to it, of the close division in the court itself, and finally of the rights of the entire population of the entire metropolis which are involved, it is submitted that the granting of .a rehearing will be for the benefit of justice, and for the general welfare.'”
As appears from this quotation, all the proceedings hereinabove referred to were undertaken by the City Attorney under “the instructions of the council,” and the record shows that the most radical differences in the pleadings of the city were the result of an entire change of administration. Hence it is just to state that the apparent legal inconsistencies herein described can not be attributed to the present respected City Attorney, who had no alternative but to carry out the behests of the administration.
The city was a party to the litigation and to the decree rendered; *448 on appeal she was an appellee, and as such was directly affected by the judgment rendered here, which reversed the judgment on appeal in all its parts, in every possible bearing, and in every effect which it could legally and possibly ever have.
Under the showing made, these propositions rest on safe foundations of elementary law, which we may be spared the trouble of quoting even in this appeal, which stands without a precedent in our jurisprudence.
The attempt made in the case of Lacroix vs. Menard, 7 N. S. 345, was not fraught with as much difficulty on the part of the appellant as is offered in the motion now under discussion.
The effort to bring up a second appeal from the same judgment was made in behalf of minors who were not parties to the proceedings. The judge a quo, not seeing his way clear through the venture, declined the order of appeal, and the would-be appellants sought the aid of the Supreme Court, where they met with no better success. Among other things the court said: “ This application in truth is to obtain an appeal from our judgment, not from that of the court which decided the cause in the first instance. * * * We are of opinion we have no power to reverse our judgments in the way attempted here.” * * *
It is clear that the language there used may, with perfect propriety, be applied to the effort now under discussion. See also State vs. Joseph, 12 Rob. 320; Gillespie vs. Scott, 32 An. 767.
It is suggested by the City Attorney that in the Supreme Court of the United States, in the matter of the writ of errors herein referred to, counsel for the Waterworks Company have sought, in certain pleadings, to take advantage of the failure of the city to have made herself an appellant to the appeal before this court, and that the present appeal becomes necessary for the proper protection of the city’s rights before that exalted tribunal. With such a consideration we can have no possible concern; and we have not the power, and much less the disposition to take cognizance of or to interfere with proceedings had or pending before that court. As suggested by the City Attorney himself, ‘1 the Supreme Court alone will, necessarily, have to determine the effect of the appeal before it.”
But we must, and we do, take cognizance of all proceedings which occur in this court. And we find from our minutes of April 8, 1889, that on the appeal in this case argument was heard from “ counsel *449 on behalf of the city;” and from other records we find that on April 9 the Oity Attorney filed in the same case a “ brief for the Oity of New Orleans;” and that on the 16th of November, the same counsel filed in the same case the “brief of the Oity of New Orleans for a rehearing.”
Prom all of which we conclude and we hold that the city has had its day in court in this case, and that her present position is as untenable as it is adventurous and unprecedented.
Of course all considerations which go to the defeat of the right of appeal of the city are equally fatal to the experiment made by its Mayor and by its Treasurer and its Comptroller.
It is therefore ordered that the present appeal be dismissed at appellants’ costs.