GEORGE W. WHITCHER *vs.* CITY OF SOMERVILLE.

Middlesex.   Nov. 19, 1884. — Jan. 9, 1885.   FIELD & COLBURN, JJ., absent.

If a portion of a highway in a city is lowered for the purpose of having a rail-
   road pass over it by means of a bridge, such portion is not included in the
   "approaches" to the bridge, within the meaning of the Pub. Sts. c. 112, § 128,
   so as to render the railroad corporation liable for an injury caused by a defect
   therein, and to exonerate the city from liability.

TORT for injuries to the plaintiff's horse, carriage, and harness,
caused by a defect in Washington Street, in the defendant city.
Trial in the Superior Court, without a jury, before *Pitman,* J.,
who allowed a bill of exceptions, in substance as follows:

Washington Street was a county road, legally established long
prior to the incorporation of the Boston and Lowell Railroad
Corporation.   It extended westerly from the Charlestown Dis-
trict of Boston, through Somerville, into Cambridge, and was
subsequently crossed by said railroad corporation by means of
a bridge over the same, resting upon stone abutments in said
street, at Milk Row crossing, so called, in the defendant city.

It was admitted that the city kept said street in repair, and
was bound to do so, unless relieved by the Pub. Sts. *c.* 112, § 128.
The defect complained of was wholly within the limits of said
street.   The railroad passed over the street by a bridge, but no
portion of the street or of any street passed over said bridge
or any portion thereof, or rested upon any embankments, abut-
ments, or structure which said railroad corporation was bound
to build, maintain, or keep in repair.

The defendant offered evidence tending to show that said
defect was within the limits of that portion of said street which
had been lowered by the Boston and Lowell Railroad Corpora-
tion for the purpose of having its railroad pass over the same in
accordance with the St. of 1830, *c.* 4, § 11; and contended that
said portion of the highway constituted an approach to the
bridge, within the meaning of the Pub. Sts. *c.* 112, § 128,* and

---

* " Every railroad corporation shall, at its own expense, construct, main-
tain, and keep in repair all bridges, with their approaches and abutments,
which it is authorized or required to construct over or under a canal, high-
way, or other way."

that said railroad corporation was alone liable for any defect within the limits of such approach ; and asked the judge to rule that, upon the evidence, the defendant was not liable for any injury caused by said defect. The judge refused so to rule ; ruled that the portion of the street lowered as above stated was not an approach to the bridge within the meaning of the statute; and found for the plaintiff. The defendant alleged exceptions.

*S. C. Darling*, for the defendant.

*J. Bennett*, for the plaintiff.

C. ALLEN, J. A bridge under a highway, within the meaning of the Pub. Sts. *c.* 112, § 128, is a bridge for travellers to use as a part of the highway, crossing the railroad over the level thereof. *Cambridge* v. *Charlestown Branch Railroad*, 7 Met. 70, 72. *Sawyer* v. *Northfield*, 7 Cush. 490. *Titcomb* v. *Fitchburg Railroad*, 12 Allen, 254. *White* v. *Quincy*, 97 Mass. 430. Rev. Sts. *c.* 39, § 72. Gen. Sts. *c.* 63, § 61. St. 1874, *c.* 372, § 95.

In the present case, the railroad crossed the highway, over the level thereof, by means of the bridge, and the highway was lowered for the purpose of having the railroad pass over it. The only question is, whether that portion of the highway which was so lowered is included in the approaches to the bridge, within the meaning of the Pub. Sts. *c.* 112, § 128, so that the railroad company is liable for an accident happening thereon, and the city exonerated.

The approaches to a bridge are the ways at the ends of it, which are a part of the bridge itself, or are appendages to it. This was quite plain under the St. of 1846, *c.* 271, § 1. By the common law, the duty to keep a bridge in repair carried with it the duty to keep in repair, as a part of the bridge, the highway at each end of it, for a space of three hundred feet. *The King* v. *West Riding of York*, 7 East, 588 ; *S. C.* in House of Lords, 5 Taunt. 284. This limit of space has not been adopted in this Commonwealth, but the highways at the ends of a bridge have been recognized as, and called, the approaches to it, in several decisions. *Commonwealth* v. *Deerfield*, 6 Allen, 449, 455. *Titcomb* v. *Fitchburg Railroad*, 12 Allen, 259. *Rouse* v. *Somerville*, 130 Mass. 361. This was the meaning in the St.

of 1846, *c.* 271, § 1, and, when taken with the context, is the meaning in the Pub. Sts. *c.* 112, § 128. . As the bridge in the present case was not a part of the highway, but was a part of the railroad track, and crossed the highway over the level thereof, the approaches to it did not include any part of the highway, and the city was not relieved of its liability to keep in repair that portion of the highway where the accident happened.                                   *Exceptions overruled.*