[No. 2025.   Decided March 17, 1896.]

J. E. R. HILL, *Respondent*, v. E. L. SAWYER *et al., Defendants*, A. R. TITLOW *et al., Appellants.*

### APPEAL—FINAL JUDGMENT IN EQUITY—EFFECT.

An appeal from a final judgment in an equity cause brings the entire cause, not simply a part of it, to the appellate court, and each party thereto must see that his rights are protected in the hearing thereon, as he cannot subsequently prosecute another appeal from the same judgment for the purpose of securing a determination upon matters which could have been raised in the first appeal.

Appeal from Superior Court, Pierce County — Hon. JOHN C. STALLCUP, Judge.    Appeal dismissed.

*Walter Christian,* for appellants.

*George H. Walker* ( *Walker & Fitch,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff brought this action to foreclose a mortgage on certain real estate, asserting that it was a prior lien thereon.   A number of others than the mortgagor were made parties thereto, either as original defendants or by intervention.   Appellant A. R. Titlow appeared and set up a number of lien claims for material used in the construction of a building, and as trustee he pleaded another mortgage upon said premises; and he asserted that all of said claims were prior and paramount to the lien of the plaintiff's mortgage.   Appellant Alice Titlow, as the owner of said premises, she having succeeded to the rights of the original owner and mortgagor, contested the plaintiff's right to foreclose.   A decree was rendered in favor of plaintiff, establishing his mortgage claim as a first lien upon the premises; but the court held that a certain commission which the mortgagor had agreed to pay for obtaining the loan, and which was deducted from the sum loaned, and also the attorney's fee for foreclosing the mortgage, were not secured by the mortgage as against the parties defending, or some of them.   Whereupon the plaintiff appealed to this court, and a decision was rendered holding that the plaintiff was entitled to a first lien upon the premises under his mortgage for both of these items; and the case was remanded to the lower court with instructions to include in the decree the amount of such commission and at-

torney's fees. *Hill v. Sawyer*, 12 Wash. 658 (40 Pac. 414).

It now appears that the appellants here had also excepted to certain of the findings made by the lower court, and were at that time prosecuting an appeal to this court, which they subsequently perfected, and which is now before us for consideration.

They contest the right of the plaintiff to foreclose at all, on the ground that the sum secured by the mortgage was not due, and that none of the mortgage conditions had been broken; and also claim that the liens of A. R. Titlow in his own right and as trustee are superior to the mortgage lien of the plaintiff. And they again contest the right of the plaintiff to have included as a part of his claim secured by the mortgage the attorney's fee and the commission aforesaid.

While the question was not raised by the respondent, we are of the opinion that the appellants cannot prosecute this appeal, although they were not within the provisions of § 5, Laws 1893, p. 121, as to joining, their interests not being affected similarly to the plaintiff's. Yet an appeal from a final judgment in an equity cause brings the entire cause here, not simply a part of it, and each party thereto must see to it that his rights are protected in that hearing. Every question sought to be presented at this time was either expressly or in effect decided on the prior hearing. The express points decided were that the plaintiff was entitled to the benefit of his mortgage security for the commission and attorney's fee; but this of necessity carried with it the proposition that he had a right to maintain his action in consequence of a breach of the mortgage conditions. Otherwise, he was not entitled to anything in that action, and by reversing the judgment as to these matters and remanding it to the lower court

with the instructions given, the decree was in effect. affirmed upon every other proposition. One of these was that the plaintiff's lien was the prior lien upon the premises. Although, from the investigation we have now given said matters, we are of the opinion that the decision of the lower court was right except on the questions raised by the plaintiff on the former appeal; yet, if the case were otherwise, and the present appeal should be entertained, and we should hold that the plaintiff had no right to foreclose at the time his action was brought, it would present the anomaly either of holding that the plaintiff was entitled to the commission and the attorney's fee before adjudicated and should be defeated as to his principal claim in that proceeding,—the very foundation of his cause of action, or else that the prior appeal was of no effect and an entirely useless proceeding.

It is no part of the duty or business of courts to decide abstract questions of law and fact. A final decision is intended to settle the controversies between the parties in that action, and it cannot be, from the very nature of the case, that after an appeal from a final judgment in an equity cause and a determination thereof, successive appeals can be prosecuted from that same judgment by other parties.

Dismissed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.