POTTER *v*. THE KNOX COUNTY LUMBER COMPANY.

[No. 17,866. Filed October 16, 1896.]

PLEADING.—*Master and Servant.*—*Negligence of Master.*—*Sufficiency of Complaint.*—A complaint states the facts essential to a master's liability for injuries to his servant sufficiently to withstand a demurrer, where it alleges that the plaintiff was employed as sawyer in defendant's mill; that when he had been at work there but three days it became necessary in the course of his employment to pass from one part of the mill to another; that near the

passageway along which plaintiff was compelled to go was a rapidly revolving shaft, in which was a set-screw projecting a distance of three inches, which defendant had negligently left unguarded; that in passing the revolving shaft the projecting set-screw caught and so injured plaintiff's foot that it had to be amputated; that defendant well knew the defective and dangerous condition of shaft and set-screw, but did not inform the plaintiff of the danger, and that the plaintiff was without fault, having no knowledge of the danger.

From the Knox Circuit Court. *Reversed.*

*W. A. Cullop* and *C. B. Kessinger*, for appellant.

*W. H. DeWolf*, for appellee.

HOWARD, J.—It is contended, on this appeal, that the trial court erred in sustaining appellee's demurrer to appellant's complaint.

The complaint is for damages on account of an accident to appellant in appellee's saw mill. Appellant was employed as a sawyer by appellee, and had been at work but three days at the time of his injury. In the course of his employment it became necessary for him to adjust a belt upon a pulley. To do this he had to pass from the upper to the lower part of the mill. He passed down carefully and by the usual way provided by appellee for him to go. Along and close to this passageway was a shaft which revolved very rapidly; and in the end of the shaft, for the purpose of holding it in place, was a set-screw, unguarded, which projected from the shaft a distance of three inches. The set-screw was of iron, and small, and revolved so rapidly with the shaft that it could not be seen. As appellant passed by the shaft, in the exercise of all due care, the set-screw, in its revolution, caught and struck his foot and so injured it that the foot had to be amputated. It is alleged that the appellee was negligent in using a set-screw in said shaft which was defective in this, that it projected three inches from the

shaft and was unguarded; that appellee knew of the existence and defective condition of the set-screw, and knew that it was unsafe and dangerous, but took no means to render the same safe for the use of its employes, by covering it or otherwise, and did not inform appellant of the danger; that appellant did not know of the existence of the screw or that it projected from the shaft for three inches, or any other distance, and on account of his recent employment had no means or opportunity of learning of the existence or condition of said set-screw.

A set-screw is defined by Webster to be, "A screw, sometimes cupped or pointed at one end, and screwed through one part, as of a machine, tightly upon another part, to prevent the one from slipping upon the other."

It would seem that, by the strict canons of construction, the allegations of the complaint were sufficient to withstand the demurrer urged against it. The objections made by counsel, while well taken by reason of the extreme vagueness of the complaint, are, however, such as should have been reached by a motion to make more specific. *Peerless Stone Co.* v. *Wray*, 143 Ind. 574.

In Wood's Master and Servant (2d ed.), section 414, it is said: "The servant, in order to recover for defects in the appliances of the business, is called upon to establish three propositions: 1st, that the appliance was defective; 2d, that the master had notice thereof, or knowledge, or *ought* to have had; 3d, that the servant did not know of the defect, and had not equal means of knowing with the master."

We are of opinion that these propositions are sufficiently, though somewhat indefinitely, alleged in the complaint; and we see no reason why the case should not have gone to trial, to determine whether the evi-

dence should establish the truth of the allegations so made; that is, whether the set-screw, as used in the shaft and unguarded, was defective and dangerous; whether such defect was known or ought to have been known to the appellee;. and whether the appellant knew of the defect, or had equal means and opportunity with the appellee of knowing it. The appellant did not assume a risk of which he had no knowledge, and of which he could have had no knowledge. *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156; *Pennsylvania Co.* v. *Congdon,* 134 Ind. 226, 39 Am. St. Rep. 251; *Lake Shore, etc. R. W. Co.* v. *Kurtz,* 10 Ind. App. 60.

It may be added that, on account of diffuseness and uncertainty of statement in the complaint, it was only with much hesitation that we were able to arrive at the conclusion to hold it good. The alleged negligence of the appellee and the nature of the defect complained of, are not stated with that clearness and definiteness which are always desirable in pleading.

The judgment is reversed, with instructions to overrule the demurrer to the complaint.