[No. 2454. Decided September 14, 1897.]

ALBERT O. DAMON *et ux.*, *Appellants*, v. N. P. LEQUE *et al.*, *Appellants*.

APPEAL — JOINDER — INDEPENDENT APPEALS — LIMITATIONS — HOW
RAISED BY PLEADING — REVIVOR OF MORTGAGE.

Laws 1893, p. 121, § 5, providing that parties similarly affected may join in an appeal within ten days after service of notice of appeal does not apply in a case where, after an appeal has been taken by one party, the adverse party also desires to prosecute an appeal from the same judgment.

The supreme court will entertain more than one appeal from the same judgment in an equity cause, where the appeals are all perfected and the cause submitted to the court at one time, so the whole matter may be finally disposed of on one hearing. (*Hill v. Sawyer*, 14 Wash. 275. distinguished).

The defense of the statute of limitations is properly raised by answer, instead of by demurrer, when the defect does not clearly appear on the face of the complaint.

Where a mortgage has been foreclosed without including certain parties claiming an interest in the premises, and a subsequent suit is brought against the omitted parties to foreclose

their interest, the fact that the claim secured by mortgage had been merged in the judgment in the original foreclosure proceeding would not deprive them of the right to plead the statute of limitations against the claim.

A mortgagor cannot, by means of a partial payment after the bar of the statute of limitations has become complete, revive the mortgage as against another party who had purchased the lands but was not obligated to pay the debt.

Appeal from Superior Court, Snohomish County.—Hon. John C. Denney, Judge. Reversed.

*Byron Millett*, and *E. L. Minard*, for plaintiffs.
*Burke, Shepard & Woods*, for defendants.

The opinion of the court was delivered by

Scott, C. J.—This action is founded upon the following facts: In December, 1877, one Iverson and wife executed their note to the plaintiff Albert O. Damon in the sum of $950 and interest, due one year from date, and to secure payment thereof also executed to him a mortgage upon the lands in controversy in this action. Thereafter N. P. Leque obtained a sheriff's deed to said lands in pursuance of a purchase by him at an execution sale under a judgment rendered against Iverson in favor of one Haller, and said Leque and wife thereafter conveyed said lands to Peter Leque. Said sheriff's deed was executed in March, 1885, and said Leques entered into possession of the premises. Subsequently, in July, 1885, the plaintiff Albert O. Damon commenced an action to foreclose said mortgage against Iverson and wife, but did not make any of the Leques parties thereto. Iverson appeared in said action and admitted the validity of the claim. A decree of foreclosure was rendered and the lands were sold in pursuance thereof to said plaintiff. In June, 1892, the present action was commenced by Damon and wife against N. P. and

Peter Leque and their respective wives, which purported to be one to remove a cloud from title and also to obtain possession of the lands. A general demurrer was interposed by the defendants, which was sustained by the court, and judgment rendered against the plaintiffs. Upon an appeal by them, this court held that the complaint, under the liberal rule with regard to construing pleadings recognized here, stated facts sufficient to entitle the plaintiffs to a foreclosure of the mortgage, and the judgment was reversed and the cause remanded for trial. 14 Wash. 253 (44 Pac. 261). A trial was subsequently had and a judgment rendered in favor of the plaintiffs, from which both parties have appealed, the plaintiffs alleging that they were entitled to judgment in a greater sum than that allowed by the court, the defendants contending that the plaintiffs were not entitled to judgment at all upon the facts, on the ground that the statute of limitations had run against the claim, which statute the defendants had pleaded in their answer.

A motion is made to dismiss the appeal of the defendants because it was not taken within ten days after the plaintiffs had appealed, and because an independent or subsequent appeal cannot be maintained in the same cause. But the defendants were not required to proceed under section 5 of the appeal act (Laws 1893, p. 121), because their interests were not similarly affected to those of the plaintiffs, within the meaning of the statute; and while, after the disposition of an equity cause, the court will not hear a subsequent appeal from the same judgment *(Hill v. Sawyer*, 14 Wash. 275 (44 Pac. 537), yet in a case like this where the appeals are all perfected and the cause submitted to the court at one time, so the whole matter may be finally disposed of, they may be entertained, as the objec-

tions stated in the case cited do not apply; and the motion is denied.

As the appeal of the defendants goes to the whole case, it will be first taken up, and several minor questions growing out of their contention will be first considered. The plaintiffs contend that the defendants are not entitled to the benefit of said statute in consequence of not having raised the question by a special demurrer to the complaint in accordance with sections 189 and 190, vol. 2 of the Code; and this position would be well taken if the defect clearly appeared upon the face of the complaint. But in this instance we are of the opinion that it did not so appear, and especially when considering the purported nature of the action; consequently the defendants were entitled to raise the question by the answer.

It is further contended by the plaintiffs that the note was merged in the judgment and that this action must be regarded as upon the judgment, and that the statute of limitations had not run against it. But under all the authorities the Leques not having been made parties to the foreclosure suit, the judgment therein rendered against the Iversons can have no force against them, and could not cut off their right to plead the statute against the claim.

It is also contended by the plaintiffs that the allegations of the answer were insufficient to raise the question of the statute of limitations, but without setting these allegations forth in detail, we are of the opinion that the statute was well pleaded.

Another contention arises upon the facts in the case with reference to the time of a partial payment made upon the note by Iverson. The lower court found that this payment was made at a time before the note matured, while the plaintiffs contend that it was made at a later date. We have examined the proofs in this particular and are satisfied

that the finding of the lower court is well sustained by the evidence, and consequently the case turns upon the question of the right of the mortgagor to revive the mortgage after the bar of the statute had become complete, as against another party who had purchased the lands but was not obligated to pay the debt. The authorities are conflicting upon this question, but the great weight sustains the defendants on the proposition. The mortgagor could no more revive the mortgage in such a case than he could give a new mortgage upon the land. 2 Jones, Mortgages (5th ed.), §§ 1198 and 1202; Wiltsie, Mortgage Foreclosures (enlarged ed.), §§ 65 and 410; 13 Am. & Eng. Enc. Law, p. 760; *Schmucker v. Sibert*, 18 Kan. 104 (26 Am. Rep. 765); *Day v. Baldwin*, 34 Iowa, 380; *Cottrell v. Shepherd*, 86 Wis. 649 (57 N. W. 983); *Trustees v. Smith*, 52 Conn. 434; *Kendall v. Clarke*, 90 Ky. 178 (13 S. W. 583); *Zoll v. Carnahan*, 83 Mo. 35; *Newbould v. Smith*, 33 Ch. Div. 127; *Lord v. Morris*, 18 Cal. 482.

There are some cases holding the contrary doctrine on the ground that a purchaser of the land who buys while the mortgage is in force is placed in no worse position by a revivor of a mortgage than he was in when he purchased. But the greater number of cases, as well as the weight of authority, is against it. The statute of limitations is a statute of repose, and it would seem as though it should apply in this kind of a case as well as any other, and that a mortgagor, perhaps insolvent, should not have the power, many years after the bar of the statute had become complete, to revive a mortgage undischarged of record and make the same a charge upon the lands as against a subsequent purchaser, when evidence of payment or other defenses might have become lost.

Substantially the same principle has been recognized

upon a different state of facts. For instance, it is well settled that a partial payment by one joint debtor after the statute has run against the claim will not revive it as against the other joint debtors, but only against the party making the payment. Also that partial payments upon a mortgage debt, made by a purchaser of lands who has assumed payment of the mortgage, will not keep the claim alive as against the original debtor. And there are cases holding that partial payments by a mortgagor cannot be invoked to keep alive a mortgage where the lands have passed into the hands of a third party, even though the bar of the statute as against the debt was at no time in force; but with that question we have not to do in this case.

We are of the opinion that the contention of the defendants must be sustained. The judgment rendered against them is therefore reversed and the cause remanded with instructions to render a decree setting aside the deed executed to the plaintiff Damon in pursuance of the first action to foreclose, and adjudging the lands free of the mortgage lien.

ANDERS and REAVIS, JJ., concur.

DUNBAR, J., dissents.