THE BALTIMORE AND OHIO SOUTHWESTERN RAIL-
ROAD COMPANY *v.* STATE, EX REL.
GREENWOOD, TRUSTEE.

[No. 19,800. Filed November 25, 1902.]

PLEADING.—*Mandamus.*—*Township Trustee.*—A complaint in a mandamus proceeding on the relation of the township trustee is not defective because the trustee is described therein as the trustee of the civil township, though the word "civil" might have been omitted without detriment to the complaint. *p. 515.*

MANDAMUS.—*Petition.*—*Affidavit.*—*Township Trustee.*—The affidavit in verification of a petition by a township trustee for a writ of mandate is not required to be made by the relator in his official capacity. *p. 515.*

MANDAMUS.—*Petition.—Railroads.—Highway Crossing.*—A petition in mandamus to require a railroad company to construct a highway crossing is not defective in failing to specify the character of the notice given in the highway proceeding, where it is alleged that due and legal notice was given as required by statute.  *p. 516.*

RAILROADS.—*Duty to Maintain Highway Crossings.*—The duty imposed by statute upon railroad companies to keep highway crossings in reasonably safe condition for travel applies to crossings of highways laid out after the construction of the railroad as well as to those in existence at the time of its construction. *pp. 516-519.*

SAME.—*Right of Way.—Highways.*—A railroad company acquires its right of way subject to the right of the State to extend public highways and streets across such right of way.  *p. 519.*

SAME.—*Highway Crossings.—Mandamus.—Estoppel.*—The fact that a railroad company may be subject to an expense in the construction of a highway crossing is not a legitimate defense to a mandamus proceeding to require the construction of the crossing; since the question of damages, if any, arising out of the location of the highway over the railroad right of way, should have been presented for consideration and allowance to the board of commissioners in the proceeding to establish the highway.  *p. 521.*

SAME.—*Highway Crossings.—Notice.—Constitutional Law.—Mandamus.*— The fact that an interstate railroad company had no actual notice of a highway proceeding, and did not appear thereto, and was awarded no damages, does not entitle it to be awarded damages in a mandamus proceeding to require it to construct a highway crossing; and the denial of such claim is not a taking of property without due process of law and without just compensation in violation of the fourteenth amendment of the federal Constitution. *pp. 521, 522.*

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Mandamus by State on the relation of John W. Greenwood, trustee of Washington township, Daviess county, against the Baltimore & Ohio Southwestern Railroad Company, to compel the latter to construct a highway crossing.   From a judgment awarding the writ, respondent appeals.   *Affirmed.*

*W. R. Gardiner, C. G. Gardiner, T. D. Slimp* and *Edward Barton,* for appellant.

*J. W. Ogden, Ephraim Inman, D. J. Hefron* and *Charles Harrington,* for appellee.

JORDAN, J. — The State on the relation of John W. Greenwood, trustee of Washington township, Daviess county, Indiana, prosecuted this action in the lower court to secure a writ of mandamus to compel appellant to put a certain described public highway at a point where it crosses the right of way of appellant's railroad in a condition so as to enable the public safely to use the same at the said crossing without interference. A trial upon the issues joined resulted in appellee being awarded a peremptory writ of mandamus commanding appellant to make and put the said highway at the said crossing of appellant's right of way in such a condition as will enable the public freely to use the highway at that point, and so as to afford security to life and property. The errors assigned are predicated on the decisions of the court in overruling a demurrer for insufficiency of facts to the alternative writ, in overruling a motion to quash the same, and in denying a motion for a new trial.

The facts as set out in the petition and in the alternative writ appear to be as follows: Appellant owns and operates a railroad running from Parkersburg, West Virginia, to St. Louis, Missouri. This road, on its route, runs through Washington township, Daviess county, Indiana. In the year 1898, and prior thereto, and at the time the highway herein involved was established and laid out, this railroad was owned and operated by a railroad company known and denominated the "Baltimore, Ohio & Southwestern Railroad Company," which as alleged was incorporated under the laws of the State of Indiana. At the September term, 1898, of the board of commissioners of Daviess county, Indiana, proceedings before said board appear to have been properly instituted for the location and establishment of a certain public highway proposed to be located through a portion of Washington township in said county, and across and over the right of way of said railroad company in said Washington township. Notice, as prescribed by the highway statute, seems to have been given in respect to the pend-

ency of said proceedings before the board; and such steps appear to have been taken therein as resulted in the board of commissioners at its December term, 1898, ordering said highway to be established, laid out, and opened, as located by the viewers over and across the several tracts of land mentioned, including appellant's right of way herein involved. After the board of commissioners had made the final order establishing the highway as laid out and located, and subsequent to the opening of and putting the highway, by the proper officials, in a condition for travel thereon, except as to that part thereof which crosses the right of way in question, appellant, by and through certain proceedings had in the federal court, and by virtue of certain transfers, succeeded to all of the rights, titles, franchises, privileges, and property of the above mentioned company. At the time of said succession it had full knowledge of the location and establishment of the highway across the right of way of its predecessor at the particular crossing in dispute. Appellant's predecessor, it appears, was made a party to said highway proceedings, but had no actual notice of their pendency, and in fact had no notice save and except the constructive notice provided for by the statute. As to which particular method of giving the notice prescribed by the statute,—whether by publication in a newspaper, or by posting notices in public places in the vicinity of the proposed highway,—was employed, is not clearly disclosed. Appellant's predecessor, however, it appears, wholly failed to appear in said proceedings and filed no remonstrance, and made no claim therein for damages by reason of the proposed highway being located across its right of way at the intersection in controversy. The relator is shown to have been duly elected at the general election held in November, 1900, trustee of said Washington township, and duly qualified as such official, and was so acting at the time this action was instituted. At the time the highway in dispute was

established and laid out, there was a high embankment on appellant's right of way at the point where it was crossed by the highway, and this embankment was used by appellant's predecessor as a roadbed at that point. The top of this embankment was ten feet above the level of the highway, and above the general level of the ground in the vicinity thereof on the north and south of said right of way. This embankment, as maintained by the railroad company, obstructs the highway at the point where it and the right of way cross each other, and prevents the highway from being used by the public at said crossing, and so interferes with travel thereon at said crossing as to render the highway at that point of no use as a public road. After the establishment and opening of the highway, as heretofore stated, it is disclosed that appellant, in the year 1900, further elevated this embankment on its right of way at the point of intersection, so as to make the height thereof at least eighteen feet above the level of the highway, by dumping or placing thereon large quantities of earth and gravel, and said elevation was extended to the distance of 100 yards and more, and serves to and does wholly prevent the free use of the highway by the public at said crossing. After this embankment was raised or elevated as shown, it resulted in rendering the approaches of the highway to the railroad crossing so steep and high as wholly to debar or prevent the public from using the road at this railroad crossing. By reason of the condition in which appellant's railroad has been constructed and is maintained by it at the point where it intersects the highway, no security is afforded for the life and property of persons traveling over the highway at said railroad crossing. After the establishment and opening of this public road, as previously shown, and before the commencement of this action, it appears that the proper township trustee duly notified appellant of the condition of its said right of way at the crossing of the highway, and requested and demanded that it proceed to put the crossing in question

in such a condition as would enable the public freely and safely to use the highway at the crossing; with all of which demands appellant refused to comply, and still refuses.

Appellant's first contention is that there is no legal relator shown in this prosecution, for the reason that the trustee named is described or designated in the pleading as the trustee of Washington civil township, instead of the trustee of Washington township; second, that the petition is not shown to have been legally verified, for the reason that the affidavit thereto was made by Greenwood in his individual capacity, instead of his official. But the relator is shown to be the trustee of Washington township, and as such he is certainly appearing and acting herein as the trustee of the civil township, and not of the school township. The law recognizes that there are two corporations within the territory included within Washington township. One is Washington township of Daviess county, and the other is Washington school township. The first is known as the civil township and the other as the school township organized for school purposes. This distinction is made by the statutes pertaining to our common schools, and has been repeatedly recognized by the decisions of this court. *Carmichael* v. *Lawrence,* 47 Ind. 554; *Jackson Tp.* v. *Home Ins. Co.,* 54 Ind. 184; *Wilcoxon* v. *City of Bluffton,* 153 Ind. 267.

While not necessarily required in this case, nevertheless it was proper for the relator to designate himself as trustee of Washington civil township of Daviess county, Indiana.. The word "civil" might have been omitted without detriment to the petition.

In respect to the second contention it may be said that under §1183 Burns 1901, the affidavit in verification of the application or petition for the writ of mandate was not required to be made by the relator in his official capacity. The petition may be verified by any person competent to make an affidavit.

It is next insisted that the petition and alternative writ are uncertain in not specifying the character of the notice given in the highway proceedings. It is alleged in the petition and alternative writ herein "that due and legal notice of the filing and pendency of said petition and application for the location and establishment of said highway and of the time and place set for hearing the same was duly given to said * * * Baltimore & Ohio Southwestern Railroad Company, as required by statute in such cases made and provided." It is insisted that this is too uncertain, for the reason that it is not disclosed thereby which method of giving the notice prescribed by §6742 Burns 1901, was employed, —whether by posting notices in three public places in the vicinity of the proposed highway, or by publication in a newspaper. But the facts, however, do show that the highway in controversy was, by the board of commissioners of Daviess county, at its regular session, ordered to be established, laid out, and opened, in certain proceedings had before the board for that purpose. As that tribunal is, under the statute, invested with exclusive, original jurisdiction in such highway proceedings, it may, under the circumstances, so far as the case at bar is concerned, in the absence of anything to the contrary, be presumed that by reason of the fact that the board is shown to have entertained the petition for the highway in question, and ordered the same to be established and laid out, that it first found that the required notice had been given through the means at least of one of the methods prescribed by the statute to appellant's predecessor, and all other landowners affected by the location of the highway. *Jones* v. *Cullen,* 142 Ind. 335, and cases there cited.

Again, upon another view, if the petition in the case at bar is too uncertain, as claimed, the question should have been presented by motion to make the pleading more specific. *Falley* v. *Gribling,* 128 Ind. 110; *Potter* v. *Knox*

*County Lumber Co.,* 146 Ind. 114; *Clow* v. *Brown,* 150 Ind. 185.

The gist of the relief sought and awarded under the facts in this case is that appellant be required to put its right of way at the crossing in question in such a condition as to enable the public to use the highway at that point, without interference, for the purpose of travel, and so as to afford reasonable safety or security to the property and lives of those passing over the highway at the crossing.    The facts disclose that this public road, as established and laid out, is being used at all points along the route thereof, except at the crossing on appellant's right of way, which, by reason of the condition, as shown, in which appellant has placed and maintains its roadbed and right of way at that point, the public is virtually prevented from using the highway; or, in other words, from the facts alleged it is evident that this public road as established can not be used for travel as an entirety, as intended, but can be used only in parts; or, more clearly stated, it is susceptible of being used by the public at all other points along the line thereof, except at the crossing in controversy.    Counsel contend that by this action it is sought to compel the railroad company to put the highway crossing not only in a condition so as to be passable, but also to make it convenient for travel usual to public highways, and to require the company to do all of the work, and bear all of the expense in the performance thereof, which it is claimed will amount to $3,000.    This amount as damages, it is asserted, appellant at the trial offered to and was prepared to prove, but its offer, over its exceptions, was rejected.

We previously stated what, in effect, was the relief sought and awarded in this proceeding, and we do not perceive wherein appellant, under the circumstances, will be compelled to discharge any duty other than that which the law exacts.    We may repeat that what appellant, in effect, under the writ of mandate, is required to do, is to put the highway

crossing in a reasonably safe and fit condition for travel by the public thereover. By the fifth clause of §5153 Burns 1901, §3903 Horner 1901, which forms a part of the general laws of this State pertaining to railroad companies, a railroad company is authorized "To construct its road upon or across any stream of water, watercourse, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

The authorities, as a general rule, affirm that it is the duty of every railroad company to construct and maintain its crossings over highways in a reasonably safe and good condition for travel, so far as the same can be done without interfering with the operation of the railroad. Elliott, Railroads, §1102.

Mr. Pierce, in his work on railroads, says: "The laying of a railroad across highways often requires excavations and erections, and a greater or less change in the surface. The duty, however, to restore the highway as far as may be to its former condition, and to erect and maintain structures necessary for such restoration, is presumed to be incumbent on the company, even without any express requirement imposed by statute. The duty to restore it to its former condition so as not to interfere materially with its usefulness, and to make the crossing safe and convenient for the public, is usually imposed by statute. It is a continuing duty, and binds other corporations which succeed to the ownership or possession of the railroad. It is to be substantially rather than literally performed." Pierce, Railroads, 245.

In Elliott, Railroads, §1102, the authors say: "Where the duty is imposed by statute the weight of authority is to the effect that it applies to crossings of highways laid out

after the construction of the railway, as well as to those in existence at the time of its construction." Such is the interpretation given to clause five of §5153, *supra,* by the decisions of this court. See *Louisville, etc., R. Co.* v. *Smith,* 91 Ind. 119; *Evansville, etc., R. Co.* v. *Carvener,* 113 Ind. 51; *Evansville, etc., R. Co.* v. *State, ex rel.,* 149 Ind. 276, and cases there cited; *Lake Erie, etc., R. Co.* v. *Cluggish,* 143 Ind. 347.

In the appeal of *Louisville, etc., R. Co.* v. *Smith, supra,* the court, in construing clause five, *supra,* said: "Whether the highway is laid out and opened *before* or *after* the construction of the railroad, the legislative intent in the clause quoted is clear, we think, that the railroad company shall construct its road, at its intersection with such highway, 'in such manner as to afford security for life and property.'" (Our italics.)

Inasmuch as the public are entitled to have highways to meet the requirements of the increased growth of business and population, therefore the general rule is well affirmed that every railroad corporation acquires its right of way subject to the right of the State to extend public highways and streets across such right of way. *City of Ft. Wayne* v. *Lake Shore, etc., R. Co.,* 132 Ind. 558, 18 L. R. A. 367, 32 Am. St. 277; *City of Terre Haute* v. *Evansville, etc., R. Co.,* 149 Ind. 174, 37 L. R. A. 189; *Gold* v. *Pittsburgh, etc., R. Co.,* 153 Ind. 232; *Chicago, etc., R. Co.* v. *City of Chicago,* 140 Ill. 309, 29 N. E. 1109; *Chicago, etc., R. Co.* v. *Joliet, etc., R. Co.,* 105 Ill. 388, 44 Am. Rep. 799; Elliott, Railroads, §1098. Were this not the rule, then, as the authorities properly affirm, the grant by the State of the privilege to construct and operate railroads across or through its territory, instead of conducing to the progress and prosperity of the people, would prove to be a serious obstacle in the way of their future prosperity or progress. See authorities last above cited.

A standard authority on public highways, in speaking of the legislative control over railroad companies in regard to the crossings of highways, says: "Such corporations are largely under the control of the legislature in the exercise of its police power. It may regulate the use of highways by a railroad company by requiring the crossings to be made in a particular manner; and may even impose upon the company the duty of adapting the track and the grade to new highways, so as to make the crossing safe and convenient." Elliott, Roads and Sts. (2d ed.), §778. See, also, Elliott, Railroads, §§1102-1109.

In §1107 of the work last mentioned, it is said: "At every crossing something must be done to make the highway safe for travel, and the duty, as a rule, rests upon the railway company to make such changes and to erect such structures as will make the highway safe for use. The railway company must erect and maintain such structures as are reasonably necessary to enable the traveler to get on, over and off the crossing in safety. Proper approaches and embankments necessary to enable a traveler to reach and leave the crossing are a part of the crossing and the railway company must construct and maintain them."

Under the express language of our statute, above set out, the railroad company is authorized to construct its road across a highway so as not to interfere with the free use of the same, and in such a manner as to afford security to life and property. This requirement of the law, as we have seen, not only applies to its crossings over highways in existence at the time the railroad was constructed, but is equally applicable to a crossing over a highway laid out and established after the construction of the railroad; hence, in view of the facts in this case, appellant, under the law, must be held to be obligated to adapt and maintain its crossing over the highway in dispute so as not to interfere with the free use thereof at that point, and also to be constructed and maintained in such a manner as to afford reasonable

safety or security for the lives and property of travelers using the highway at the crossing.   *Chicago, etc., R. Co. v. State, ex rel.,* 158 Ind. 189; *Chicago, etc., R. Co. v. State, ex rel., ante,* 237.

The mere fact that appellant may be subjected to expense in the discharge of this duty is not a matter of legitimate defense in this action, consequently the trial court, under the circumstances, did not err in refusing to permit it to prove the expense to which it would be subjected in the discharge of the required duty.   Such damages, if any, so far as legitimate, arising out of the location of the highway over the railroad company's right of way, were matters which appellant's predecessor might have presented for consideration and allowance before the board of commissioners in the proceeding to lay out and establish the highway in question.   But this it neglected to do, and appellant, as its successor, under the circumstances in this case, stands in its shoes, and is bound and estopped by such proceeding before the board of commissioners in like manner as the company through whom it claims would be precluded and bound were it a party defendant in this action.   *Gold* v. *Pittsburgh, etc., R. Co.,* 153 Ind. 232.

Under the circumstances, appellant's predecessor must be considered as having had its day in court in respect to the establishment of the highway in dispute, and in regard to the damages, if any, arising out of its being located over the right of way.   The statute governing proceedings for the establishment of highways before boards of commissioners, provides ample opportunity and means for all persons affected by the location of the proposed highway to be heard in opposition thereto, and also the right to be heard upon any claim or demand for damages which they may assert in such proceedings.

It is further insisted by appellant's learned counsel that because it appears that neither appellant, an interstate railroad company, nor its predecessor, had any actual notice of

the highway proceedings, and did not appear thereto, and was awarded no damages, consequently it should be held that appellant had the right in this case to prove and be awarded damages; otherwise, it is asserted, appellant will be deprived of its property without due process of law, and the same will be taken for public use without just compensation in violation of the fourteenth amendment of the federal Constitution, and §21 of the bill of rights of the Constitution of this State.

It is further contended that because the highway statute does not provide for actual notice, appellant's property has been taken and appropriated without due process of law, and without just compensation, and the contention is advanced that the statute is, therefore, antagonistic to the federal and State Constitution. These contentions are without merit and wholly untenable. A proceeding to establish a highway under the statute of this State, before boards of commissioners, is one *in rem,* and constructive notice is provided to be given to those who will be affected by the establishment or location of the highway. Appellant's predecessor, as it appears, had the benefit of such notice. This was sufficient to give the board of commissioners jurisdiction over that company, and to bind it by the order made in the proceedings before the board. *Tucker* v. *Sellers,* 130 Ind. 514; *Davidson* v. *New Orleans,* 96 U. S. 97, 24 L. Ed. 616.

Further answering appellant's contention, we may say that we recognize nothing in our highway statute which can be said to be violative of any provision of either the federal or State Constitution. The question in respect to appellant's being bound in like manner as its predecessor by the order of the board establishing or locating the highway in controversy is ruled and settled by the decisions of this court in *Gold* v. *Pittsburgh, etc., R. Co.,* 153 Ind. 232.

We have read the evidence and are satisfied that it sustains the judgment, and, as we find no error, the judgment is affirmed.