STATE ex rel. CITY OF DULUTH v. NORTHERN PACIFIC RAILWAY
COMPANY.[1]

Nos. 15,019—(151).

October 26, 1906.

**Right of Appeal.**

Where a plaintiff recovers a judgment in his favor, but not for all of
the relief claimed, and his adversary appeals from the judgment and as-
signs errors only as to the part of the judgment unfavorable to him and
the judgment is affirmed on his appeal, the plaintiff thereafter, and with-
in the time limited for taking an appeal, may appeal from that part of the
judgment which is to his disadvantage.

Motion to dismiss the appeal denied.

February 21, 1907.

**Railway Viaduct—Repairs.**

The trial court was justified in finding that the "filled" portions of the
street, made in the construction of the viaduct over respondent's railway,
constituted a mere raising of the street grade, and was no part of the
viaduct or its approaches, and that respondent was not required to keep
the same in repair.

Appeal by relator from a portion of a judgment of the district court
for St. Louis county, entered pursuant to the findings and order of
Cant, J. A motion by defendant to dismiss the appeal was denied,
and the judgment was affirmed.

*Bert Fesler,* for appellant.

*Emerson Hadley,* for respondent.

On October 26, 1906, the following opinion was filed:

START, C. J.

Motion to dismiss the relator's appeal on the grounds (1) that this
court has now no jurisdiction of the judgment from a part of which
the appeal was taken; (2) that the relator has waived its right to pros-
ecute such appeal. The nature of the action and its facts appear in
the opinion of the court in disposing of a former appeal by defendant

[1]Reported in 109 N. W. 238, 110 N. W. 975.

from the same judgment.   State v. Northern Pacific Ry. Co., 98 Minn. 429, 108 N. W. 269.

It is only necessary to here state that the action was brought to compel the defendant to repair a viaduct over its railroad tracks at Lake avenue in Duluth, and to repair the street and rebuild the sidewalks on the approaches to the viaduct.   Such proceedings were had in the district court of the county of St. Louis that judgment was entered in favor of the relator granting all the relief which it claimed, except as to paving and sidewalks.   On March 23, 1906, the day on which the judgment was entered, the defendant appealed from the judgment to this court and assigned errors only to the part of the judgment unfavorable to it.   The relator appeared in this court in opposition to such appeal and secured its affirmance.   Judgment affirming the judgment of the district court was entered in this court on July 26, 1906, and on the next day a writ of error from the supreme court of the United States to review such final judgment was allowed on the petition of the defendant.   Thereafter, and on September 1, 1906, the relator served a notice of appeal to this court from so much of the judgment of the district court as denied it relief as to the paving and sidewalks.   This last appeal the defendant moves to dismiss upon the grounds stated.

It is the contention of the relator that the statute gives either party the right to appeal, within six months, from the whole or any part of the judgment; hence the motion to dismiss the appeal must be denied. This conclusion does not necessarily follow from the premises, for there may be a waiver of the right to appeal, or an estoppel by the action of the party from claiming the right.   Wright, Barrett & Stillwell Co. v. Robinson, 79 Minn. 272, 82 N. W. 632; 2 Cyc. 644–652; Elliott, App. Proc., § 150.   Whether, upon the facts stated, the relator can now prosecute an appeal from that part of the judgment which was against it is a question which has never been decided by this court.

In the case of Guarantee Co. of North America v. Phenix Ins. Co., 124 Fed. 170, 59 C. C. A. 376, an action for the recovery of money only, the jury returned a general verdict for the plaintiff, and also special findings.   Judgment was rendered by the circuit court in favor of the defendant upon the special findings.   The plaintiff sued out a

writ of error. The defendant sued out no writ of error, but in its brief called attention to certain rulings of the trial court which, it insisted, entitled it to a new trial if judgment in its favor should not be sustained. The appellate court, without considering such alleged ·errors, reversed the judgment upon the ground that the special findings were not inconsistent with the general verdict, and directed the court below to render judgment for the plaintiff. This was done, and the defendant sued out a writ of error and assigned as errors the rulings of the trial court complained of. It was held that the questions raised by the rulings on the trial of the action were not res judicata, for the reason that the first judgment granted the defendant all the relief it sought; that only those aggrieved by a judgment could maintain a writ of error or appeal to reverse it; and that the second writ of error could be maintained because the errors assigned on the' second writ could not have been litigated on the first one. The case of Smith v. Bogenschultz (Ky.) 20 S. W. 390, is to the same effect.

In the case of Page v. People, 99 Ill. 418, it was held that, where one party prosecuted a writ of error from the appellate court to an inferior court, if the defendant in error in that case presented the same question as presented by him on a writ of error afterwards sued out by him from this court, or if it was his duty to have caused it to be presented by cross-errors, the judgment of affirmance on the prior writ of error will be a bar to the error assigned on the second, otherwise it will not be a bar. To the same effect are the cases of Brennan v. State Bank, 10 Colo. App. 368, 50 Pac. 1076; Wickliffe v. Buckman, 51 Ky. 424; McKay v. Mayes, 32 S. W. 606, 17 Ky. Law 827; Ormsby v. Ihmsen, 34 Pa. St. 462. In the case of Poeyfarre v. Delor (La.) 7 Mart. (O. S.) 1, it was held that, after a judgment had been affirmed on the defendant's appeal, the plaintiff might appeal, and have any errors therein to his disadvantage corrected.

The case of Caston v. Caston, 54 Miss. 512, supports the contention of the defendant herein. In that case the plaintiff obtained a decree against the defendant, who appealed. The plaintiff resisted the appeal, and secured in the appellate court a judgment affirming the decree. Thereafter, and within the time limited for appealing from the decree, the plaintiff also appealed. His appeal was dismissed by the appellate court, which held in effect that the plaintiff could not resist

the defendant's appeal, obtain an affirmance of the decree, and afterwards prosecute an appeal from a decree which he had insisted should be affirmed; that when the defendant appealed, if the plaintiff desired a more favorable decree, it was his duty to enter a cross-appeal; and further, that, when the decree was affirmed on the first appeal, it at once became the judgment of the court, and could not be the subject of another appeal. See also in this connection, Corning v. Troy Iron & Nail Factory, 15 How. 451, 14 L. Ed. 768, and Hill v. Sawyer, 14 Wash. 275, 44 Pac. 537.

While it is true as suggested by the defendant, that a writ of error is the beginning of a new action in the appellate tribunal, and an appeal is the continuation of the original action or proceeding in another jurisdiction, yet an appeal in many respects is analogous to a writ of error. Kells v. Nelson-Tenney Lumber Co., 74 Minn. 8, 76 N. W. 790. The distinction noted is not here material, for the reasons why a second review of a judgment by a party who secured an affirmance thereof on his adversary's appeal, should or should not be allowed, are the same whether the method of review is by writ of error or by appeal. It follows that all of the cases which we have cited are relevant to the question we are considering.

The question, whether an affirmance of a judgment on the first appeal or writ of error will bar an appeal from the judgment by the respondent or defendant in error on the first review is to be solved by inquiring whether such respondent or defendant in error could have presented and had corrected on the first review the errors of which he complains, and whether it was his duty to do so. This, upon reason and authority, would seem to be the controlling test. It is true, in the case at bar, that the judgment disclosed upon its face the alleged error which the relator seeks by this appeal to have corrected, and that in this respect it differs from the case of Guarantee Co. of North America v. Phenix Ins. Co., supra, to which we have referred. But this difference is immaterial if the relator in this case did not have the strict legal right to have the error corrected on the defendant's appeal, or if, having the right, it was not bound to assert it on such appeal.

It is clear that the relator did not have such right, for under our practice cross-assignments of error are not allowed on appeal. Only the appellant can assign errors. Rule 9 (60 Minn. v, 61 N. W. v).

It is true that the respondent may take a cross-appeal, and, if there is time for him to comply with the rules of this court, he may bring his appeal on for hearing, assign errors on his appeal, and have them heard at the same time that his adversary's appeal is heard. In this particular case it was too late for the relator to take an appeal and have it heard at the same time that the defendant's appeal was heard, unless the court relaxed its rules. The relator had the statutory right to take its appeal from that part of the judgment which it deemed to be erroneous at any time within six months. R. L. 1905, § 4364. It did not have the legal right to have the error of which it complains corrected on the defendant's appeal. Nor was it legally bound to seek such correction on the defendant's appeal. It follows that the affirmance of the judgment on the defendant's appeal is not res adjudicata,. and that this court acquired jurisdiction by the relator's appeal to review the judgment as to the matters of which it complains and which were not before the court for review on the defendant's appeal.

We agree with the suggestion of counsel that public interests require that there should be an end of litigation at the earliest practical time, and that we ought not to be required to hear and determine a controversy. piecemeal. The remedy, however, is by an amendment of the statute relating to appeals, if practicable, providing that all alleged errors to be urged by any of the parties to an appeal may, and must,. be heard and determined at the same time and on the same record.

It also follows from our conclusion that the relator had no legal right to have corrected on the defendant's appeal the alleged errors in the judgment of which it complains; that the relator neither waived its right of appeal nor is it estopped from asserting the right. It is. true that the relator on the defendant's appeal appeared and asked and' secured a judgment of affirmance. That is, the relator in legal effect appeared and urged an affirmance of the judgment as to the defendant because its assignments of error, the only matter before the court for determination, were without merit. The relator had no strict legal right on such appeal to have the judgment modified as to matters. which were to its disadvantage. How then can a waiver or an estoppel be predicated upon the omission of the relator to do that which. it had no legal right to do?

Motion to dismiss the appeal denied.

JAGGARD, J., dissents.

On February 21, 1907, the following opinion was filed:

LEWIS, J.

Upon a former appeal 'of this case by the railway company (98 Minn. 429, 108 N. W. 269) it was held that a certain contract between the parties with respect to the viaduct over respondent's right of way was ultra vires and void, and that notwithstanding such contract the duty rested upon the company to repair and maintain the viaduct which had been constructed. That contract provided that the company should pay to the city $50,000, and that the city should build the viaduct, and, under the supervision of the board of public works, raise the grade of the street so that the surface thereof should be carried over the right of way by means of a viaduct, and maintain those portions of the same comprised within the limits of the right of way for a period of fifteen years after its completion, and forever maintain those portions of the viaduct not comprised within the limits of the right of way. The city has now appealed from that portion of the judgment which excepts from the repairs ordered made in the alternative writ "repairing and relaying the sidewalk on the viaduct approaches, the resetting of curbing of the viaduct approaches, and the paving of the roadway of the approaches."

As we understand the position of the trial court—and the facts sustain the conclusion—there were, under the circumstances, reasonable limitations upon the liability of the railway company to maintain and repair the so-called viaduct approaches; that so far as practicable the street was to be restored to its former condition of usefulness, so as to be reasonably safe and convenient for travel; and the city assumed to raise the grade of the street permanently to the extent prescribed in the contract as "permanent fill." The findings show that at the northerly end a permanent fill raising the grade was made about fifty four feet in length and forty feet in width, and at the southerly end a permanent fill was made about two hundred eighty four feet in length and forty feet in width. The balance of the structure was strictly called a "viaduct," about six hundred ninety three feet long, about two hundred eighteen feet of which, in the center, covered the right of way; the remainder being, strictly speaking, "approaches," although constructed in the form of "viaduct." The court held that the "filled" portions of the improvement constituted no part of the

viaduct or "approaches" proper, and it necessarily follows that the curbing, paving, and sidewalk upon those portions of the improvement could not be .charged up to the railway company.

Judgment affirmed.