## STATE EX REL. CITY OF MINNEAPOLIS v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 23, 1917.

Nos. 20,037—(188).

**Railway — duty when crossing highway.**

    1. A railroad company crossing with its tracks a public highway must, at its own expense, restore the highway by some reasonably safe and convenient means of passage. If safety and convenience require that it bridge its tracks, it must do that, and it must then also maintain the bridge and its approaches in a suitable state of repair.

**Same — what is not a bridge approach.**

    2. A public street, leading to a bridge at a four per cent grade, filled to its full width and at a height above abutting property which permits the use of such property for ordinary business purposes at street level, susceptible of all the uses of a public street, with sidewalk, curbing and other street improvements, is not an approach to the bridge which the railroad company is forever bound to maintain and keep in surface repair.

Upon the relation of the city of Minneapolis the district court for Hennepin county granted its alternative writ of *mandamus* commanding defendant to lay a creosoted wood block paving, on a concrete foundation, upon the driveway on the northwesterly approach to a certain bridge in that city over defendant's railway tracks. The matter was heard before Steele, J., who made findings and ordered a peremptory writ. From the judgment entered pursuant to the order for judgment, defendent appealed. Reversed.

    *M. L. Countryman* and *Cobb, Wheelwright & Dille,* for appellant.
    *C. D. Gould* and *William H. Morse,* for respondent.

HALLAM, J.

Fourth street southeast in Minneapolis is crossed by defendant's tracks at Fifteenth avenue southeast. Some years ago the defendant

[1] Reported in 161 N. W. 506.

built a bridge on Fourth street over its tracks at that point. The bridge is eight feet higher than the street level at Fourteenth avenue, a block away, and a little more than that above the lot level. For this distance of a block Fourth street was filled with a solid dirt fill for its full width sloping gradually upward from Fourteenth avenue to the line of the bridge, thus making an incline of a little less than a four per cent grade. Fourth street is much traveled and used. Street cars are operated on it. This block has much the appearance of an ordinary city street. On one side business houses have been built at street level for the full length of the block. On the other side there are no buildings but conditions are equally suitable for their erection. In the street there are sidewalks and curbs on both sides and other of the usual street improvements. Heretofore and for many years this block has been kept in condition and repair for travel by the city. This is a proceeding in *mandamus* to compel defendant to pave the surface with cedar blocks, on the ground that it is an approach to the bridge and that, as such, defendant is obliged to maintain it and keep it in repair. The court ordered a writ of *mandamus* to issue. Defendant appeals.

1. In 1857 the company to whose rights defendant has succeeded was authorized to construct its railroad "across, under or over any public * * * highway, road, street * * * if the same shall be necessary; but the said company shall put such highway, road, street * * * in such condition and state of repair, as not to impair or interfere with its free and proper use." Laws 1857 (Ex. Sess. p. 6, c. 1, subc. 1, § 7). This statute probably imposed no obligation that did not exist at common law. This court has exacted much of railroad corporations in the matter of construction of bridges or other devices to secure safety at public crossings. Where a railroad corporation is given the right to build its railroad across a public highway, this gives no right to destroy the highway as a thoroughfare, but the corporation must, at its own expense, restore the highway by some reasonably safe and convenient means of passage. If safety and convenience of travel require a bridge it must, at its own expense, construct a bridge, and maintain it in passable condition. This is on the principle that these changes were required for its own use and advantage, and therefore it and not the public should be burdened with the expense. State v. St. Paul, M. & M. Ry. Co. 35

136 M.—12

Minn. 131, 28 N. W. 3, 59 Am. Rep. 313; State v. Minnesota T. Ry. Co. 80 Minn. 108, 83 N. W. 32, 50 L.R.A. 656; State v. Northern Pac. Ry. Co. 98 Minn. 429, 108 N. W. 269, affirmed 208 U. S. 583, 28 Sup. Ct. 341, 52 L. ed. 630; Chicago, M. & St. P. Ry. Co. v. City of Minneapolis, 115 Minn. 460, 133 N. W. 169, 51 L.R.A.(N.S.) 236, Ann. Cas. 1912D, 1029 affirmed Id., 232 U. S. 430, 34 Sup. Ct. 400, 58 L. ed. 671; Chicago & N. W. Ry. Co. v. City of Chicago, 140 Ill. 309, 29 N. E. 1109. It is simply an application of the rule which is older than railroads that, where a new highway is laid out over one already in existence, the expense of making the crossing safe rests on the one who uses the new way. State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 388, 108 N. W. 261, affirmed St. Paul, M. & M. Ry. Co. v. State, 214 U. S. 497, 29 Sup. Ct. 698, 53 L. ed. 1060.

Embankments or structures necessary as approaches to a bridge to carry a street over a railway are as much a part of the work to be done by the company as the bridge itself. They must be erected and maintained at the expense of the railroad company. State v. St. Paul, M. & M. Ry. Co. 35 Minn. 131, 28 N. W. 3, 59 Am. Rep. 313; Board of Co. Commrs. of Goodhue County v. Duluth, R. W. & S. R. Co. 67 Minn. 213, 217, 69 N. W. 898; Baltimore & O. S. W. R. Co. v. State, 159 Ind. 510, 520, 65 N. E. 508; City of Bloomington v. Illinois Cent. R. Co. 154 Ill. 539, 544, 39 N. E. 478; Whitcher v. Somerville, 138 Mass. 454; Commonwealth v. Inhabitants of Deerfield, 6 Allen (Mass.) 449, 455.

. 2. It is not easy to lay down an unfailing rule as to what is an "approach" to a bridge which the railroad company is obliged to maintain and what is not. In general an approach to a bridge is part of the bridge itself or an appendage to it. 4 C. J. 1454; City of Bloomington v. Illinois Cent. R. Co. supra; Driftwood Valley Turnpike Co. v. Board of Commrs. Bartholomew County, 72 Ind. 226; Whitcher v. Somerville, supra; Commonwealth v. Inhabitants of Deerfield, supra. A roadway built upon a trestle so high that it is not available to abutting property would clearly be such an approach. A common street, though slightly raised in grade to adapt it to the level of the bridge, would clearly not be such an approach. It may be difficult to draw a line on one side of which liability to maintenance could be said to exist and on the other

not. We are convinced, however, that a public street, leading to a bridge at a four per cent grade, filled to its full width with a dirt fill and at a height above abutting property which permits the use of such property for ordinary business purposes at the street level, and susceptible of all the uses of a public street, with sidewalk, curbing and other street improvements and facilities, is not an "approach" which the railroad company is forever bound to maintain and keep in surface repair. The portion of Fourth street between Fourteenth and Fifteenth avenues is just such a street. The facts are undisputed. We are of the opinion that they do not sustain the decision that this is an approach to the bridge, nor the decision that defendant is charged with the duty to pave its surface. This view is in accordance with State v. Northern Pacific Ry. Co. 99 Minn. 280, 109 N. W. 238, 110 N. W. 975, and City of Chicago v. Pittsburgh, Ft. W. & C. Ry. Co. 247 Ill. 319, 93 N. E. 307, 139 Am. St. 329.

Judgment reversed.