ESTHER SEIDE v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 25, 1929.

No. 27,277.

[1]Reported in 223 N. W. 152.

*H. E. Wheeler,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, Tracy J. Peycke* and *A. L. Janes,* for respondent.

DIBELL, J.

Action to recover for personal injuries. The court directed a verdict for the defendant. The plaintiff appeals from the judgment entered.

The plaintiff was riding westerly on Laurel avenue in Minneapolis in a taxi and passed over a bridge which carries the avenue over the tracks of the defendant. When the taxi passed onto the graded or dirt portion of the street it hit a depression, and the plaintiff was injured. The ground of recovery was negligence in the maintenance of the dirt portion of the street.

The bridge was built in 1891. In 1906 the defendant constructed more tracks along the west of the tracks which it then had and the bridge was lengthened. The west timber approach was removed, and a new approach was built. The 1906 bridge was rebuilt wholly by the defendant. It was rebuilt pursuant to an ordinance not important to be detailed here. West of the bridge Laurel avenue was simply a dirt street. The west limits of the defendant's right of way are 175 feet east of the west end of the west timber approach. The grade of the dirt fill west of the timber structure is 3.4 for the first 38 feet and 1.7 for the next 100 feet, and the same grade continues for several hundred feet.

From the beginning the city of Minneapolis maintained Laurel avenue to the west of the planking of the west approach, and the defendant maintained the west timber approach. Where it joined the timber approach there was some tendency for the dirt to be thrown out, and the city undertook to repair the condition from time to time. There was some accumulation of packed snow and ice. It was not on the planking but upon the dirt street.

Assuming that the depression was negligently allowed to be as it was, it was not there because of the negligence of the defendant.

254

The so-called approach which it was its duty to maintain extended no farther west than the planking. This is the construction that has been placed upon the situation from the beginning, and it is the necessary one. State ex rel. City of Duluth v. N. P. Ry. Co. 99 Minn. 280, 109 N. W. 238, 110 N. W. 975; State ex rel. City of Minneapolis v. G. N. Ry. Co. 136 Minn. 164, 161 N. W. 506; Chicago v. P. Ft. W. & C. Ry. Co. 247 Ill. 319, 93 N. E. 307, 139 A. S. R. 329.

Judgment affirmed.

