## FARLEY v. THE C., R. I. & P. R. Co.

1. **Railroad**: DUTY TO CONSTRUCT CROSSING. Every corporation, owning or operating a railway, is required to construct crossings at all points where it intersects a public highway, and it is liable for all injuries resulting from a neglect of this duty.

2. ——: ——: EVIDENCE. Any company claiming to be exempt from the provisions of the statute imposing this duty has the burden to establish by affirmative proof the facts upon which the exemption is based.

3. ——: MAINTENANCE OF CROSSING. Railway companies are required to repair and keep in safe condition for travel the crossings which the statute requires them to construct, although this requirement does not relieve the road districts from the duty of maintaining the highway in good condition.

4. ——: ——: EMBANKMENT. The embankment which is constructed as a necessary approach to the railway track is in legal contemplation a part of the crossing.

*Appeal from Davis Circuit Court.*

THURSDAY; DECEMBER 16.

ACTION to recover damages sustained on account of personal injuries received by plaintiff from having been thrown, with

his horse and sleigh, from an embankment used for public travel at the crossing of a highway over defendant's railroad. It is alleged that the embankment was a part of the railroad crossing and was not in good condition and safe for travel at the time plaintiff was injured. There was a verdict and judgment for plaintiff; defendant appeals.

*Thos. F. Withrow*, for appellant.

When the facts are conceded, the question of negligence becomes one of law and not of fact. (*Todd v. Old Colony & Fall River R. Co.*, 3 Allen, (Mass.,) 22; *Tucker v. Trenton Co.*, 6 Gray, 64; *Nichols v. Sixth Av. Co.*, 38 N. Y., 131; *Wilcox v. R. W. R. Co.*, 9. N. Y., 358; *Galragan v. B. & T. Co.*, 1 Allen, 187.) The question of negligence is a mixed one of law and fact, when there is any controversy as to the facts, and in such cases it is the duty of the court to instruct the jury whether the facts which the testimony tends to prove will, if found true, constitute that negligence which will defeat the action. (*Trow v. Vt. Cen. R. Co.*, 24 Vt., 487; *Tiler v. N. Y. Cen. R. Co.*, 49 N. Y., 47; *Johnson v. Win. & St. Pet. R. Co.*, 11 Minn., 296; *Greenleaf v. Ill. Cen. R. Co.*, 29 Iowa, 36.) It is always within the power of court to instruct the jury whether or not a certain fact, *if* established, constitutes negligence.

*Tannehill & Fee* and *M. H. Jones*, for appellee.

The plaintiff is responsible only for ordinary negligence, not for slight negligence. (*Rush v. Davenport*, 6 Iowa, 454.) Ordinary care is that degree of care which persons of ordinary prudence are accustomed to employ under the same or similar circumstances, in order to conduct their enterprise to a successful termination. (*C., C. & C. R. Co. v. Terry*, 8 Ohio St., 581.) The question of negligence must be determined by all the circumstances of the case in question. (*C., C. & C. R. Co. v. Terry, supra.*) If the plaintiff at a crossing is in the exercise of ordinary care and prudence and the injury is attributable to the insufficiency of the road, conspiring with

some accidental cause, the defendant is liable. (*Lacon v. Page*, 2 Am. Corp. Cases, 200; *Manderschid v. Dubuque*, 25 Iowa, 109.) Under section 1288, a want of care on the part of plaintiff is no defense. (*Spence v. C. & N. W. R. Co.*, 25 Iowa, 139.)

BECK, J.—The only questions presented and discussed by counsel for defendant arise upon the instructions given by the court to the jury. Certain of these announce the rule that railroad corporations are required to construct, at all points where their roads cross public highways, good, sufficient and safe crossings, and for neglecting so to do are liable for all damages resulting therefrom, and the duty to construct such crossings carries with it the duty to maintain and keep them in proper repair, and the corporations are liable for all damages from a neglect of this duty. The term crossing includes the necessary embankments or approaches to the railway. The correctness of these instructions is called in question by defendant's counsel.

I. Under the statutes of this State, every corporation constructing and operating a railway is required to construct, at all points where public highways cross it, sufficient and safe crossings, and the corporation is liable for all damages resulting from neglect or refusal to discharge this duty. Code, § 1288. Substantially the same provisions were in force under prior enactments. Acts Ninth Gen. Ass., Chap. 109, § 4; Acts Twelfth Gen. Ass., Chap. 172, § 1. The defendant was the lessee of the railroad over which the crossing was constructed where plaintiff was injured. As it is not made to appear that the railroad was constructed or leased to defendant before these enactments, the question does not arise, and need not be considered, whether they bind corporations building or leasing roads prior to the time they took effect. They will be presumed to operate upon all corporations using railroads in this State. If any be exempted from these provisions, the facts upon which such exemption is based must be shown. It has been held that the duty imposed by these statutes, as we inter-

*Margin notes: 1. RAILROAD: duty to construct crossing. 2. ——: ——. evidence.*

pret them, exists at common law. *People ex rel. Bloom-ington v. Chicago & Alton R. Co.*, 2 Am. R'y Reports, 66.

II. It is insisted that the statute does not impose upon the railroad corporations the duty of maintaining and keeping in proper condition the railroad crossings. We think this position cannot be supported. The object of the law is to secure the public from the inconvenience and expense which would result from the destruction of highways when they are crossed by railroads. It is intended by the law that the corporations operating or owning such railroads, by the construction of sufficiently safe crossings, shall relieve the public of the expense thereof. The highway is to be left by the corporation in as good condition as it was found. Code, § 1262. As the railroad is a permanent obstruction to the highway the crossing may be the occasion of continual future expense. Unless the corporation keep it in repair, this expense must be borne by the public.

*3.——: maintenance of crossing.*

We think, therefore, the very spirit of the statute requires the railroad company to repair and keep in safe condition all crossings which they are by law required to construct. We have held that railroad companies, under the statute requiring them to build fences, are charged with the duty of keeping such fences in repair. *Aylesworth v. C., R. I. & P. R. Co.*, 30 Iowa, 459. The principles upon which this ruling is based support the conclusion we have just announced.

We will not be understood as holding that the road districts are relieved of all duty in respect to railroad crossings, and are not required to expend labor upon them to keep the surface of the highway at the crossing in proper condition. This point is not in the case. What we do hold is that the structure of the crossing, whether of earth, wood or other material, which the existence of the railroad renders necessary, is to be maintained by the railroad company.

III. Counsel for defendant maintains that the embankment constructed as the necessary approach to a railroad crossing is no part of the crossing and the company is not, therefore, required to keep it in repair. The term *crossing* occurring in the statute is used to indicate the

*4. ——: ——: embankment.*

structure intended as a means of crossing the railroad. It is not confined simply to that part of it which is upon the railroad track. This is obvious from the fact that if an embankment or excavation is demanded to enable vehicles to cross the railroad, a simple structure upon the track would not be the means of attaining the end required, viz., the *crossing* of the railroad. There would in such case be no crossing, a term including everything necessary to enable travel to cross the track.

IV. Many other instructions given by the court to the jury are assailed by defendant's counsel. The main ground of complaint against them is that, in some instances, they are rendered uncertain in their meaning, in other meaningless, and, again are made to announce incorrect rules, on account of their prolixity, and numerous qualifications and modifications added to the principles they are intended to announce. The discussion of these instructions amounts really to nothing more than a criticism upon their language, and an attempt to show that they are incapable of an interpretation which would present unsound rules of law. While, indeed, they are obnoxious to many objections founded upon their prolixity and want of precision, we do not think they are not by a fair construction capable of being understood as announcing sound rules of law. Some of these rules could have been clothed in more concise language, and it may be that instructions offered by defendant more aptly expressed them. As long as we can find no fault with the doctrines of the instructions they cannot be held bad for defects in their language, if they are capable of being understood with reasonable certainty.

Counsel of the respective parties we believe do not differ as to the rules of law which, as we understand them, are embodied in the instructions. We are relieved, therefore, of the task of considering them. It is not demanded that we enter upon a criticism of their language to show that they present, with reasonable clearness, sound rules to which no objection is made.

AFFIRMED.