MOBERLY v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

| 98 | 183 |
| 106 | 428 |
| 47a | 75 |
| 98 | 183 |
| 108 | 487 |
| 98 | 183 |
| 112 | 434 |
| 98 | 183 |
| 55a | 404 |
| 98 | 183 |
| 121 | 271 |
| 98 | 183 |
| 126 | 671 |
| 98 | 183 |
| 129 | 420 |
| 98 | 183 |
| 141 | 440 |
| 98 | 183 |
| 152 | 461 |
| 98 | 183 |
| 88a | 362 |
| f89a | 126 |
| 98 | 183 |
| j95a | [2]745 |
| j95a | [2]751 |
| 98 | 183 |
| 179 | [2]678 |

1. **Negligence:** ORDINARY CARE : PRESUMPTION : INSTRUCTION. The presumption that every one exercises ordinary care obtains, in the absence of evidence to the contrary. But in an action against a railroad company for damages for personal injuries, where there was abundant evidence from which plaintiff's negligence might have been found, an instruction that the presumption of ordinary care existed in his favor was calculated to mislead the jury and should not have been given.

2. —:— : RAILROAD CROSSING : DUTY OF TRAVELER TO LOOK AND LISTEN. One crossing a railroad track at a public crossing is bound to exercise ordinary care in approaching and crossing the track. Ordinary care in selecting a place to look and listen would not absolve him from negligence fatal to a recovery, if he failed to use ordinary care in approaching and crossing the track after he looked and listened.

*Appeal from Buchanan Circuit Court.*—VINTON PIKE, ESQ., Special Judge.

REVERSED AND REMANDED.

THE action is for personal injuries sustained by plaintiff at the crossing of a public highway by a collision with an engine on defendant's railroad. The engine struck the wagon on which plaintiff was driving and threw him out. The negligence charged against defendant is the omission of the statutory signals by the approaching engine, in permitting brush, saplings, etc., to remain on its right of way, obstructing the view of persons using the public road as plaintiff was doing, and in not keeping the crossing itself in the condition prescribed by law. A description of the locality of the accident appears in the report of a former appeal to the Kansas City court of appeals. As the same evidence on that subject was given at the last trial, it need not be repeated. *Moberly v. Railroad*, 17 Mo. App. 518.

There was testimony tending to prove all the items of negligence above noted. The evidence at the last hearing developed some particulars, concerning the condition of the crossing proper, not alluded to in the report of the former appeal. Plaintiff testified that there was a difference of an inch or two between the height of the rail of the track and the plank next to it, forming part of the crossing ; that when he saw the engine close upon him, he tried to escape by whipping up the horses, but that the hind wheel of the wagon caught on the rail and was dragging on it when the engine struck it. Plaintiff testified that he stopped his team, looked and listened for the train before attempting to cross ; that he saw and heard nothing of its approach until his horses were on the track.

Among the instructions given at the instance of the plaintiff were the following :

"No. 5. The court instructs the jury that negligence in this case, on the part of the plaintiff, means the failure on his part, under all of the circumstances by which he was surrounded at the time of the accident, and shown in evidence, to exercise such care as an ordinarily prudent man would have exercised under such circumstances, and the law presumes that plaintiff did exercise such care, and the jury cannot find plaintiff guilty of any negligence unless all the facts and circumstances shown in the evidence, taken together, show to the satisfaction of the jury that plaintiff did fail to exercise such care, and the burden of proof is upon defendant to show such negligence on the part of plaintiff.

"No. 6. The court instructs the jury that while plaintiff was bound to stop and look and listen for the train, before passing onto the railroad, if by so stopping, looking and listening he could have seen or heard such train, still the jury are further instructed that he is not guilty of negligence because he failed to select the best

possible place to see or hear such train, if they find from the evidence that he exercised ordinary care in selecting the place where he did stop and look and listen, if he did so stop and look and listen for such train."

The jury found in plaintiff's favor. After the usual motions and exceptions, defendant appealed.

*Strong & Mosman* and *Henry S. Kelley* for appellant

The fifth instruction for plaintiff should not have been given. It is ambiguous and calculated to mislead the jury. It does not announce a correct proposition of law, in declaring "that the law presumes that plaintiff did exercise such care," etc. The facts, in relation to the conduct and actions of the plaintiff in crossing, were fully shown by the evidence, and it was simply a question of fact for the jury, whether plaintiff's actions were negligent or not. There was nothing from which to draw any legal presumptions in favor of the plaintiff. Presumptions only obtain in the absence of evidence. *Spaulding's case*, 33 Wis. 582. The courts have uniformly condemned the statement of this proposition when couched in much milder terms. *Stebbins v. Railroad*, 62 Md. 518; *Justice v. Lang*, 52 N. Y. 327; *Whitsett v. Railroad*, 25 N. W. 107; *Ham v. Barrett*, 28 Mo. 388; 1 Greenl. Ev., secs. 44, 48. This instruction is inconsistent—contradictory of itself, in telling the jury that they could not find plaintiff guilty of negligence, unless the facts and circumstances shown in evidence show to the satisfaction of the jury that he failed to exercise such care, and then declares that the burden of proof is upon defendant to show such negligence. This would mislead the jury under the condition of the evidence in this case. Its effect was to exonerate plaintiff, so far as his proof was concerned, from negligence, strengthened by the law's

presumptions declared to be in his favor, and required defendant to prove, by its evidence alone, that plaintiff was guilty of negligence, to the satisfaction of the jury. This was error. *Robinson v. Gary*, 28 Oh. St. 249; *Nichols v. Winfrey* 79 Mo. 551; *Clark v. Kitchen*, 52 Mo. 316; *Berry v. Wilson*, 64 Mo. 164; *Dunn v. Dunnaker*, 87 Mo. 597. The sixth instruction is erroneous, because it relieved plaintiff from looking or listening, or otherwise attending to his personal safety, after having left the sign-board, while driving onto defendant's crossing.

*Ramey & Brown* and *Green & Burnes* for respondent.

The claim that plaintiff's instructions did not announce a correct proposition of law in declaring "the law presumes that plaintiff did exercise ordinary care," etc., is not well founded. 2 Thomp. on Neg. 1179.

BARCLAY, J.—There was a sharp conflict on the issue of plaintiff's negligence. We may summarize the effect of all the evidence in the statement that it was not such as warrants the court in declaring, as matter of law, that plaintiff's negligence contributed to the injury. It does not differ materially from that presented to the same point on the first appeal, as officially reported.

The instructions given by the court were in the main accurate, but certain errors, nevertheless, crept into them, requiring a reversal of the judgment. Instruction numbered 5, given at plaintiff's instance, should not have told the jury that the law presumed that plaintiff exercised ordinary care while submitting the question of his care or negligence as an issue. The presumption that every one exercises ordinary care obtains in the absence of evidence to the contrary. But there was abundant evidence from which plaintiff's negligence on the occasion in question might have been fairly found. With that evidence before them, it was

Moberly v. The K. C., St. J. & C. B. Ry. Co.

calculated to give the jury a wrong impression of its effect to say that a presumption of care then existed in plaintiff's favor. We do not hold that a reference to a disputable presumption would be in all cases erroneous. But we are of opinion that, on the facts presented, it should not have been made here. Where there is evidence tending to remove the presumption a reference to the latter is usually to be avoided. This case is a close one on the issue of contributory negligence. Though there was sufficient evidence to support a verdict for plaintiff, the jury should have been left to make such finding as they considered just, on that issue, without casting into the balance such a reference to the presumption obtaining in the absence of evidence.

Instruction numbered 6 is also faulty in stating that plaintiff was not guilty of negligence in failing to select "the best possible" place to look and listen if he exercised ordinary care in selecting the place to look and listen. Plaintiff was certainly bound to exercise ordinary care in approaching and crossing the track. Ordinary care in selecting a place to look and listen would not absolve him from negligence fatal to a recovery, if he failed to use ordinary care in approaching and crossing the track after he looked and listened. Whether his selection of the place to look and listen was, or was not "the best possible" was to be considered with other facts in determining his negligence or care in the premises. But it was not decisive either way.

As a new trial, for the reasons stated, must be had, it becomes unnecessary to remark upon some minor points of criticism of the instructions. Some of the latter contained language which the court can readily correct when its attention is directed to its effect as a comment on the evidence. No other assignments of error appear to require comment.

The judgment is reversed and the cause remanded. All the judges concur, except SHERWOOD, J., absent