BOARD OF COUNTY COMMISSIONERS OF GOODHUE COUNTY v. DULUTH, RED WING & SOUTHERN RAILROAD COMPANY.[1]

January 18, 1897.

Nos. 10,211—(219).

**Railroad Crossings—Duty of Company.**

G. S. 1894, § 2685, which requires that all railway companies shall build, or cause to be built, and kept in repair, good and sufficient crossings at all points where public highways may be intersected by railway lines, is applicable to a case where, in the course of construction of a railway, a stream of water has been turned from its natural channel into an artificial one, wholly upon the right of way, and has, by reason thereof, made

[1] Reported in 69 N. W. 898.

it necessary for the company to build a bridge over the stream, as a part of an approach or highway crossing of the railway tracks. If the bridge is necessarily a part of the approach or crossing, it must be built and kept in repair by the railway company.

Appeal by defendant from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $442. Affirmed.

*Wilson & Foot*, for appellant.

A bridge over a highway built by an individual but used by the public must be kept in repair by the public. Green v. Town of Bridge Creek, 38 Wis. 459; Rex v. Inhabitants, 5 Burrow, 2594; King v. Inhabitants, 2 East, 341 and note; King v. Inhabitants, 13 East, 95; Heacock v. Sherman, 14 Wend. 59; Dygert v. Schenck, 23 Wend. 446; Angell, Highways (2d Ed.) §§ 164, 257; Thompson, Highways, pp. 12–14. G. S. 1894, § 2642, refers to the longitudinal occupation of a street by a railroad, and is not mandatory. Strictly the county has no property in land occupied by a highway. City of Milwaukee v. Milwaukee & B. R. Co., 7 Wis. 76.

*J. C. McClure*, for respondent.

The appellant never acquired the right to cross or occupy any part of this highway. The public easement of a common highway does not include the right to use such highway as a railroad as against either the owner of the land or the public. Gray v. First Division, 13 Minn. 289 (315); Kaiser v. St. Paul, S. & T. F. R. Co., 22 Minn. 149. The railroad company was bound to keep the bridge in repair. People v. Troy & B. R. Co., 37 How. Pr. 427.

COLLINS, J.[2]   The defendant company built its railway in the year 1888 through a valley in which ran a very sinuous stream, known as "Hay Creek." The creek was crossed by a county road, and the public authorities had built and maintained a bridge over it for many years. To avoid the construction of two bridges over the creek, defendant company cut a ditch about 100 feet long on the easterly side of, and within, its right of way, from a point above to a point below the highway, whereby the waters of the creek were

[2] Buck, J., took no part.

turned from the natural channel into an artificial one, wholly on the right of way. Along the highway the new channel was about 150 feet from the old, and at the point where the highway intersected the railway the latter was on a 15-foot grade; the creek, in its new channel, running close to the embankment. The company made an approach to the top of the grade by building a bridge, commencing at a point about 19 feet from the center of the track, and extending it easterly along the center of the highway, across the creek, to the high land, a few feet east of the easterly line of its right of way. It did nothing with the old bridge, and two or three years afterwards the public authorities removed it, and put in a box culvert and some earth in the old bed of the stream.

The approach and bridge built by defendant were partly or wholly destroyed by a flood in 1890, and were then rebuilt by it. They were again destroyed by a flood in 1895, and, although duly notified and required to rebuild by the authorities, the defendant refused so to do. The approach and bridge were then put in by the county, and this was an action to recover the cost of the same. The verdict was in favor of the plaintiff for the full amount, and defendant appeals from an order denying its motion for a new trial.

The cause seems to have been tried and submitted to the jury upon the theory that constructing its railway across the public road, and changing the course of the stream so that the waters ran in another channel, without first securing the right by condemnation proceedings, and locating and building a bridge at a point on the highway not theretofore occupied for that purpose, changing the location of the "bridge," as it was called upon the trial, without first entering into an agreement with the public authorities, rendered the defendant a trespasser, to be treated as a wrongdoer, and liable in damages to the public for the consequences of its wrongful acts. The jury was charged that the defendant was a trespasser, to which counsel duly excepted, and was charged that, under the pleadings and proofs, plaintiff was at least entitled to recover nominal damages, and might recover actual damages, not to exceed the cost to the county of rebuilding the bridge. To this counsel did not except.

It is assigned that the court erred in not granting defendant's motion to dismiss when plaintiff rested, and in charging that de-

fendant was a trespasser, and in holding that the verdict was supported by the evidence.    Counsel for appellant stated in his brief, and admitted in his oral argument, that the first question for consideration is, was it the duty of his client to reconstruct, replace, and maintain the bridge?    The other questions stated by counsel to be involved in the appeal cannot be, if the absolute duty was imposed upon his client to maintain the bridge, for in such event they became immaterial.

By G. S. 1894, § 2685, it is required of all railway companies that they build, or cause to be built, and kept in repair, good and sufficient crossings of their railway lines, at all points where any public highway is now, or may hereafter be, intersected by such lines of railway.    And in section 2686 a "sufficient crossing" is defined as a grade of earth on each side of the track, 32 feet in width, and of such slope as the officers having charge of the highway shall deem necessary.    It was therefore incumbent upon the defendant to build and keep in repair a sufficient crossing at the point where its road intersected this highway; in other words, to construct and keep in repair approaches to its 15-foot embankment (on the top of which was its track), 32 feet wide, of such a slope along the public road, and on each side of the embankment, as was satisfactory to the authorities.    This was a statutory duty, under all circumstances.    It could not be evaded by intersecting the highway in such close proximity to the stream that a bridge became necessary as a part of the approach and crossing, nor could it be evaded by changing the channel of the creek so that the waters flowed at the bottom of the defendant's embankment, and wholly upon its right of way.

The duty of the defendant to build and to keep this crossing in repair was precisely as if defendant had, for some other reason, excavated a ditch across the highway, along the base of its embankment, and had never turned the waters of the creek into it.    In such a case no one would contend that the duty rested upon the public either to build the approaches, or to repair them, if they became impassable.    And, while the statute requires the approaches to be of earth, it is to be reasonably construed.    It would not require the filling up of a stream, or the filling of a necessary excavation for the collection and safe conduct of surface waters.    Nor would sec-

tion 2685 be inapplicable because the natural conditions made it necessary that a bridge or culvert be erected as a part of the approach and crossing.

From the undisputed facts here, it conclusively appeared that the bridge in question was, by the defendant's act when changing the channel of the stream, made necessary as a part of the crossing and approach on the east side, and was in fact a part of it when washed out by the flood. This was fully shown by the plaintiff prior to the motion to dismiss, and it was not error to deny the motion. The duty to repair or reconstruct the crossing remained with defendant, and was not cast upon the public. And as it conclusively appeared from the evidence that it was defendant's duty to keep the bridge in a condition for public use, as a part of the crossing at the intersection of the highway with the railway, and as it stood admitted that, if this was defendant's duty, this action could be maintained, the error in charging the jury—if error it was—that defendant was a trespasser upon the highway was not prejudicial. It follows from what has been said that upon the evidence the verdict could not have been otherwise than for plaintiff.

Order affirmed.