THE STATE OF KANSAS, *ex rel.*, v. THE LAKE KOEN NAVIGATION, RESERVOIR AND IRRIGATION COMPANY.

No. 12,129. (65 Pac. 681.)

SYLLABUS BY THE COURT.

1. IRRIGATION—*Highways—Mandamus.* A proceeding in mandamus may be maintained by the state to compel an irrigation company to construct bridges over highways which it obstructs by its ditches.

2. ———— *Duty of Company to Restore Highways.* A corporation organized for irrigation purposes dug a canal, or ditch, which crossed public highways at different points along its course. *Held*, that it was the duty of the corporation to restore the highways intersected to a condition of usefulness and safety existing before the construction of the ditch, and it will be required to build all necessary bridges as a means to that end. Such duty is imposed by the common law, independently of statute.

Error from Barton district court; ANSEL R. CLARK, judge.   Opinion filed July 6, 1901.   Division two. Reversed.

*C. F. Diffenbacher*, county attorney, and *D. A. Banta*, for The State.

*Trimble & Braley, Osmond & Cole*, and *John A. Eaton*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding in error brought to review the action of the district court in refusing an application for a peremptory writ of mandamus. The application was made by the state, on the relation of the county attorney of Barton county, and against the Lake Koen Navigation, Reservoir and Irrigation Company, a corporation.   The allegations in the application for the writ were, in substance, as follows:

The defendant is a corporation organized under the laws of this state for the purpose of constructing a canal or ditch from the Arkansas river to the "Cheyenne bottoms," in Barton county, and conducting the waters of said river to where there is in process of construction an artificial lake or reservoir for the storage of waters, and for the further purpose of maintaining said canal, ditch, and reservoir, ostensibly for navigation, reservoir, irrigation and other purposes incidental thereto.   To carry out its ultimate designs, the defendant obtained a right of way consisting of a strip of land 100 feet wide, and extending over the lands situate between the point of inception of the canal or ditch and the "bottoms," except that part which was then occupied and used for public-highway

purposes. The beginning of the canal or ditch is at the Arkansas river, and the ditch company has caused water to flow through it from the river to the "bottoms," across certain lands (describing them) and the intervening highways. Safe and adequate bridges have not been made, and the same are necessary by reason of the construction of the canal where it intersects the public highways at fourteen different points. Travel over the roads has been impeded and obstructed, to the great inconvenience and damage of the public, by reason of the failure of the irrigation company to construct bridges across its ditch at the places mentioned. The prayer is as follows:

" Wherefore, plaintiff prays for a writ of peremptory mandamus to be issued to the defendant, the Lake Koen Navigation, Reservoir and Irrigation Company, commanding that it forthwith proceed to the construction of safe and adequate bridges at each of the said points on the lines of the said ditch, or canal, where any of the aforesaid highways or public roads are crossed by the same, and where the same has in any manner impeded public travel, and for all such other proper relief," etc.

The irrigation company interposed two objections to the allowance of the writ: (1) That the proceedings were not prosecuted in the name of the real party in interest; (2) that the plaintiff was seeking, by the writ prayed for, the performance by defendant of an act which the law nowhere specially enjoins, that there was no legal obligation on the part of the defendant to do the things sought to be enforced, and that the judge had no legal authority to grant the writ. After a hearing, the court below overruled the first objection, but denied to the plaintiff any relief on the second ground, and refused the writ.

We agree with the court below in its conclusion that

the plaintiff has the legal capacity to maintain the action.  The failure on the part of the ditch company to construct bridges after it had cut through the public roads would amount to the destruction of the highway.  It would be creating a purpresture, a public nuisance. While the board of county commissioners is given authority by statute to build and repair bridges, and to care for the same, and while it might compel by mandamus the duties imposed by law on the ditch company, yet the state has a paramount authority over the subject of highways.  It is of interest to the general public that roads which lead from one county to another, and into and through every township and county in the state, should be kept free from impediments to travel, so that communication may be open and convenient from one end of the state to the other. (*Branson v. City of Philadelphia*, 47 Pa. St. 329 ; Ell. Roads & S., 2d ed., § 21.)   The statute prescribes that the words "highway" and "road" include public bridges. (Gen. Stat. 1901, §7342.)

1. The state held the proper party plaintiff.

Section 31, chapter 133, Laws of 1891 (Gen. Stat. 1901, § 3677), reads :

"It shall be the duty of the proprietors of any canal, ditch or other conduit constructed for the conveyance of water for beneficial uses to provide and construct all necessary bridges and viaducts for the use of the public in crossing the same.  Every such bridge or viaduct shall be so constructed as to be safe and adequate for the purposes for which constructed, and the construction thereof shall in all cases be completed by the time when water shall be caused or permitted to flow in such ditch or other conduit at the place where any such bridge or viaduct shall be required.  All such bridges and viaducts, when constructed, shall be and become a part of the public

highway, and shall be maintained and kept in repair by the authorities having charge of such highways."

We are relieved from a consideration of the question whether the section of the act above quoted has general application to the whole state from the fact that the scope of the statute as contended for by plaintiff in error is conceded by counsel for the irrigation company. The latter say in their brief:

"We are prepared to concede that the provisions of the act are general, and that section 31 specially enjoins the duty of constructing bridges at the crossings of public highways, and if the action were prosecuted by the board of county commissioners, after taking the proper steps to determine the necessity for such bridges, the remedy by mandamus might be invoked."

Independently, however, of statutory provisions, we think it is clear that at the common law a duty rests on the company to restore the highways which it intersects, as nearly as may be, to their former condition. In Elliott on Roads and Streets, section 41, it is said:

"When franchises are granted to a private corporation to construct canals and railroads, and such a corporation in constructing a canal or railroad makes a bridge necessary at the crossing of a highway, it becomes the duty of the corporation to erect the bridge so made necessary for the public use and convenience."

2. Duty of company to restore highways.

In the absence of a statute requiring railroad companies crossing a highway and laying their tracks thereon to restore it, as nearly as may be, to its former condition of usefulness and safety, it is held that this duty nevertheless rests upon it. (Ell. Roads & S., 2d ed., § 809 and note.) The irrigation company must restore the highways, as nearly as practicable, to their former condition. The building of

bridges is a means to that end.   It has destroyed the roads ; it must do what is necessary to repair them. The traveling public must not be inconvenienced.

Counsel for defendant in error insist that mandamus will not lie to compel the performance of any act not specially enjoined as a duty under the language of section 5184 of the General Statutes of 1901.   Having admitted that there is an express statutory requirement resting upon their client to build the bridges in question, it would seem that this contention is at variance with their position as to the scope and operation of section 31, chapter 133, Laws of 1891 (Gen. Stat. 1901, § 3677).   However, we do not give section 5184 the narrow meaning for which counsel contend.   We think that if the performance of a duty is enjoined by law, either by express statutory enactment or by the rules of the common law, its performance may be compelled by mandamus.   The only restriction on the right to invoke such remedy is that there is a plain and adequate remedy in the ordinary course of law.   (Gen. Stat. 1901, § 5185.)   We are clear that it is the legal duty of the defendant in error to restore the highways which its ditch intersects with suitable bridges, adequate to accommodate all public travel.

The judgment of the court below will be reversed, with directions to proceed further in accordance with the views expressed in this opinion.

CUNNINGHAM, ELLIS, JJ., concurring.