# Louisville & Nashville R. R. Co. v. Commonwealth.

(Decided September 24, 1912.)

## Appeal from Christian Circuit Court.

1. Indictments—Nuisance—Sufficiency of Indictment.—An indictment charging that a nuisance was maintained where a public road crosses the railroad tracks sufficiently shows the nuisance was within the railroad's right of way.

2. Railroads—Must Restore Highway to Original Condition.—When a railroad is built it must restore the highway as near as may be to its former condition, though to do so it must build out the approaches beyond its right of way and it must thereafter keep in order the road within its right of way.

3. Railroads—Not a Defense That Other Parts of Road Are Out of Order.—It is no defense to the railroad that other parts of the public road are out of order or as steep grades permitted thereon.

BENJAMIN D. WARFIELD, CHAS. H. BUSH and JOE McCAR-ROLL for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Louisville and Nashville Railroad Company was indicted in the Christian Circuit Court for maintaining a common nuisance in that it unlawfully and wilfully suffered the public road leading from the Madisonville road by Concord Church to the Greenfield road at the point where it crosses the railroad track, to be and remain steep on each side of the approach to the railroad track and permitted large rocks and other obstructions to be and remain in the road where it crosses the railroad track, by reason of which the crossing was rendered dangerous to the traveling public, and this dangerous condition of the road continued for weeks and months. The defendant demurred to the indictment, and the demurrer was overruled. The case was tried before a jury, the trial resulting in a verdict and judgment against the defendant, for two hundred and seventy-five dollars. The railroad company appeals.

It is insisted that the indictment is insufficient because it does not show that the railroad company failed to keep the road in repair within the limits of its right

of way, but we think this sufficiently appears from the indictment; the nuisance is alleged to have been committed at the crossing of the county road over the railroad. It must be presumed that the railroad was built upon the right of way and if the nuisance was where the public road crosses the railroad track, this was also within the right of way, for the steepness of the approach to the railroad is the thing complained of.

It is also insisted that there was a variance in that the proof shows that the road complained of is one leading from the Madisonville road by Concord Church to the Greenville road, and not Greenfield, as written in the indictment, but this variance could not have misled the defendant, as the other description of the road referred to sufficiently informed it what road was meant. The facts of the case are these:

The railroad company rebuilt its railroad, moving its track about fourteen feet from the old track, and raising it about four feet above the grade of the old track. It completed the new road in April, 1911; this indictment was returned October 10, 1911, and the complaint was that the railroad company had failed to properly construct the crossing over the new track. The proof on the trial showed that the crossing was in very bad condition from the time the new track was completed until after the indictment was filed, when the railroad company did some work upon the crossing and put it in much better condition. As the new track was four feet higher than the old track, the approaches on either side of the railroad track had to be extended considerably in order to make the grade of the highway a proper one. Section 786, Kentucky Statutes, among other things, provides:

"A railroad company may construct its road upon or across any water course, private or plank road, highway, street or alley and across any railroad or canal, but the corporation shall restore the water course, private or plank road, highway, street, lane, alley, railroad or canal to its former condition, as near as may be."

When, as in this case, the railroad company reconstructs its road or builds a new track, it must restore the highway to its original condition as near as may be, and it must construct approaches sufficient for this purpose, although it may be necessary for it to go out on the highway beyond its right of way in building the

approach, for if in this case the track had been within twenty feet of the line of the right of way and the fill had been twenty feet high, it is clear that the highway would have been practically destroyed unless the approach was built out beyond the line of the right of way. In such cases, the railroad company must make an adequate fill on the highway to give it a reasonable grade, and after it has restored the highway to its original condition as near as may be, it is then only bound to keep in order that part of the highway which is within the right of way; but it must, in the first instance, make such a fill as will restore the highway to its former condition as near as may be. In the case before us, we are satisfied, from the proof, that the company failed to do this, at least before the indictment was filed, and that the evidence fully justifies the finding of the jury against it.

The defendant offered to show, by a number of witnesses, that the crossing in question was no worse than some other places on the highway. This evidence was properly excluded. The statute requires a railroad company to keep its railroad crossings in good order, and it is no defense for it to show that the county authorities have failed to keep their parts of the road in good order. There is particular necessity for the road being in good order at the railroad on account of the danger from trains there. It is also complained that much proof was admitted on the trial that the fill made by the railroad company for the crossing was too narrow, but this proof was introduced to show why the steepness of the crossing made the road dangerous, and the case was only submitted to the jury on the matters alleged in the indictment. While there was no proof that there were rocks in the crossing, there was proof that the crossing was obstructed by mud, and on the whole case, we do not see that there was any substantial error in the instructions of the court to the jury, or in the admission or rejection of evidence.

Judgment affirmed.