LOUISVILLE & N. R. Co. *v.* STATE.

(*Knoxville.*   September Term, 1913.)

1. **RAILROADS.**   **Construction.**   **Highway crossings.**   **Statute.** **Construction.**

Acts 1899, ch. 356, requiring railroad companies to grade public road crossings to a level with the rails of the railroad, and to keep same in repair for a distance of ten feet on each side of the track, is supplementary of, and auxiliary to, Acts 1889, ch. 119, providing for the furnishing and keeping in repair of good and sufficient crossings, and hence is not repugnant to same, and does not impliedly repeal it.  (*Post, pp.* 173, 174.)

Acts cited and construed:   Acts 1889, ch. 119, ch. 356.

Cases cited and approved:   Balden v. State, 122 Tenn., 717; Cate v. State, 35 Tenn., 120; Durham v. State, 89 Tenn., 730; U. S. v. Barnes, 222 U. S., 513, 520.

2. **RAILROADS.**   **Construction   and   maintenance.**   **Crossing highways.**   **"Crossing."**

The word "crossing," as applied to the intersection of a common highway and a railroad, and as used in the statutes relating to such crossings, means the entire structure, including the necessary approaches, though a part may be outside of the railroad's right of way.  (*Post, p.* 175.)

Cases cited and approved:   Roxbury v. Central Vermont R. Co., 60 Vt., 121; Moberly v. Kansas City, etc., R. Co., 17 Mo. App., 518, 539; Farley v. Chicago, etc., R. Co., 42 Iowa, 234; Louisville, etc., R. Co. v. Com., 149 Ky., 459.

---

FROM BLOUNT.

---

Appeal from Circuit Court, Blount County.—S. C. BROWN, Judge.

Railroad v. State.

Thos. N. Brown and Gamble & Crawford, for plaintiff in error.

Walter W. Faw, Assistant Attorney-General, for the State.

Mr. Justice Williams delivered the opinion of the Court.

The appellant railroad company was found guilty of a misdemeanor under a presentment which charged a failure "to make and furnish a good and sufficient crossing" of a certain public highway "and to keep the same in lawful repair;" the insistence in behalf of the State being that the prosecution was under Acts 1889, ch. 119, which imposes upon railroad companies, in the terms of the presentment, such duties in respect of public highway crossings.

The delinquency of the prosecuted company relied on in proof was in failing to keep in repair a bridge over a ravine alongside the track, which bridge, sixteen feet high and sixty feet in length, had been constructed by the company when, more than ten years ago, it raised the grade of the track at that point. This bridge was kept in repair by the company for several years, but later it refused to continue doing so, on the ground that the bridge at its nearest point to the track was forty feet distant therefrom, and therefore no part of the crossing.

The case, as made up in this court, turns on the validity of this insistence; it being a fact that the bridge was thus distant from the track.

The first contention is that Acts 1889, ch. 119, was by implication repealed by the later act (Acts 1899, ch. 356), which provides that railroad companies ''shall be required to grade to a level with the rails of said railroad and to keep in repair every public road crossing such railroad for a distance of ten (10) feet on each side of said railroad track and between the rails thereof.''

In *Balden* v. *State,* 122 Tenn., 705, 717, 127 S. W., 134, 139, on a review of former decisions, it was said that repeals of statutes by implication are not favored, and that ''the repugnance between the two statutes must be very plain and unavoidable. Both the terms and the necessary operation of the two acts must be incapable of reconciliation before the older act will be repealed by the later one . . . . It is well settled that where the later statute does not cover or embrace all the provisions of the earlier one, and does not manifest a clear and unmistakable intention to provide and substitute a new system for the old, the provisions of the earlier act not clearly covered by the later one are unaffected and still in force, and the repeal operates only to the extent of the repugnance and conflict''— citing *Cate* v. *State,* 3 Sneed, 120; *Durham* v. *State,* 89 Tenn., 730, 18 S. W., 74. See, also, *United States* v. *Barnes,* 222 U. S., 513, 520, 32 Sup. Ct., 117, 56 L. Ed., 291, 294.

''When the legislative power professes to add to the law, as it does in the enactment of an affirmative statute, we cannot assume for it an intention also to sub-

tract from it, while there is any admissible rule of .in-. terpretation which, applied to the old, to the. new, or to both, will enable all to stand.'' Bishop,. Statutory. Crimes (3 Ed.), sec. 115.

Looking to the earlier act of 1889, it is found to provide for the furnishing and keeping in repair of "good, and sufficient crossings,'' without further details or specifications. The later act of 1899 may, and under the rule of construction above quoted should, be construed to add to such earlier broadly stated requirement the later one, defining how a *particular* portion of the crossing shall be constructed: A specification that for a distance of ten feet on each side of the track and between the rails the crossing shall be graded to a level with the rails and thus kept in repair. Thus construed by us, the later act is supplementary of and auxiliary to the older one, and not in manifest or total repugnance to it.

It is next insisted that it was not made to appear in proof that any part of the bridge complained of was on the railroad company's right of way, and that therefore, under the act of 1899, this bridge should be deemed to be no part of the "crossing'' there called for. The word "crossing,'' as applied to the intersection of a common highway and a railroad, and as used in the statutes relating to such crossings, means the entire structure, including the necessary approaches, though a part may be outside of the railroad's right of way. *Roxbury* v. *Central Vermont R. Co.*, 60 Vt., 121 14 Atl., 92; *Moberly* v. *Kansas City, etc., R. Co.*, 17

Mo. App., 518, 539; *s. c.,* 98 Mo., 183, 11 S. W., 569; *Farley* v. *Chicago, etc., R. Co.,* 42 Iowa, 234; *Louisville, etc., R. Co.* v. *Com.,* 149 Ky., 459, 149 S. W., 898; 3 Elliott, Railroads, secs. 1097, 1107.

It is not not disputed that the bridge was a part of the approach, and necessary to enable travelers on the highway to cross the track.

Affirmed.