No. 19,904.

THE CITY OF IOLA, *Appellee*, v. THE MISSOURI PACIFIC RAIL-WAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Crossing Highway—Restoration of Highway.* Under its common-law duty a railway company which constructs its road across a highway is bound to restore the highway, by some reasonably safe and convenient means, to its former condition.

2. RAILROADS — *Crossing Public Street — Duty to Make and Maintain Crossings—Bridges.* Under the statute which requires a railway company that builds its road over a street or highway to restore it "to its former state, or to such a state as to have not necessarily impaired its usefulness" (Gen. Stat. 1909, § 1763, subdiv. 4), a railway company which constructs a railroad over a street of a city is bound not only to make a suitable crossing, but to maintain the same as long as it continues to occupy the street, and to that end it may be required to build and maintain a bridge at the crossing of a highway if such a structure is rendered necessary by the construction of the railroad.

3. RAILROADS — *Along Public Street — Duties in Relation to Crossings, Bridges and Watercourses.* When a railway company is given permission to build its road along a street of a city upon the condition that the company will construct and maintain suitable crossings at all points of intersection with other streets, it is the duty of the company which builds along that street and over others to make crossings appropriate to the situation at the points of intersection; and where the company in the course of constructing its road diverts a small creek from its natural channel into an artificial one along the side of its track and across a street, using the earth obtained in digging the channel to make an embankment or grade for its road, and the railroad and channel so made render the construction of a bridge over a street across which the railroad is built necessary for the safety and convenience of those using the street, it is incumbent upon the railway company to construct and maintain such bridge or other structure, and when reasonably necessary, to rebuild and replace it with a new one.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed February 12, 1916. Affirmed.

*W. P. Waggener, A. E. Crane,* both of Atchison, and *Altes H. Campbell,* of Iola, for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the city of Iola asks a peremptory writ of mandamus to compel the Missouri Pacific Railway Company to build a bridge at the intersection of Walnut and Benton streets in that city.

The railroad was built through Iola in 1881, and preliminary to its construction the city enacted an ordinance granting to the company the right to build its road along Benton street, which runs east and west. The grant was made on the condition "that said railroad company constructs and maintains suitable crossings on said street and all points of intersection thereof by other streets and highways within the limits of said city." In constructing its railroad on Benton street the company diverted a small stream called Coon creek from its regular course. It had run across Benton street near the intersection of Benton and North streets, and ran in a southwesterly direction about a block and then made a bend, turning north and crossing Benton street again two blocks distant at its intersection with Walnut street. The company constructed its road near the middle of Benton street, and from a point at North street to one about a half a block beyond Walnut street, a distance of about two and a half blocks, it dug a new channel for Coon creek north of its tracks, and closed up the old channel. The earth taken from the bed made for the new channel was used by the railway company in making the embankment or grade on which the track was laid. The track was 3.57 feet higher than the original grade of Benton street, and the new channel as made by the railway company for the creek is 6.34 feet lower than the rails of its track. The railroad and the new channel so made practically rendered Benton street useless for ordinary travel for a distance of two and a half blocks, extending from North street to a half a block beyond Walnut street. At the intersection of Benton and Walnut streets the channel made by the railway company is about forty feet wide, and the height and character of the grade and the depth of

the channel practically destroyed the crossing and made Walnut street impassable at this place. To overcome this difficulty and make the crossing passable the railway company about the time its road was built erected a wooden bridge over the channel, which has been maintained by the railway company ever since that time. That bridge has become so weakened by decay and use that it is no longer safe for public travel. The city is now improving Walnut street, and has by ordinance required the railway company to build a cement bridge over the excavation or channel made by the railway company in the construction of its road and make a suitable crossing there, and the company having failed to comply with the requirement, this proceeding was brought to compel the building of the bridge and the making of a suitable crossing at this place.

It is conceded to have been the duty of the railway company to restore Walnut street and make a suitable crossing there at the time the railroad was built and the excavation made across the street. It is also conceded that to make a suitable crossing it was the duty of the company at that time to build the bridge at the intersection of Walnut and Benton streets; but it is insisted that this fulfilled its obligations and that it is not required to maintain the bridge after a crossing was so made. Independent of statute and under the common law it is the duty of a railway company which constructs a road across a highway to restore the highway by some reasonably safe and convenient means to its former condition. (State, ex rel. City of St. Paul, v. Minnesota T. Ry. Co., 80 Minn. 108, 83 N. W. 32, 50 L. R. A. 656.) We had a statute in 1881, and it is still in force, which provides that a railway company which builds a railroad across a street or a highway or along or upon any stream of water shall restore the street, highway or stream "to its former state, or to such a state as to have not necessarily impaired its usefulness." (Gen. Stat. 1909, § 1763, subdiv. 4.) Under this statute the privilege of crossing a highway carries with it the duty of a railway company not only to restore the highway, but it is a continuing duty to maintain it in its former or a suitable condition for travel so as to meet the requirements of the situation at that place. In The State v. Mo. Pac. Rly. Co., 33 Kan. 176, 5 Pac. 772, it was said:

"A railroad company has no right to render the streets of a city unsafe or dangerous; and in all cases where a railroad company is permitted to

use a street for railroad purposes, it should be compelled to restore the street as far as practicable to that same condition of safety and usefulness as the street would occupy if it were not used for railroad purposes at all, and the railroad company should be compelled to maintain this condition of safety and usefulness as long as it continues to use and occupy the street." (p. 187.)

In performing the duty of restoration the company may be required, if it be reasonably necessary to a suitable crossing, to construct and maintain a bridge and its approaches. (*The State v. Irrigation Co.*, 63 Kan. 394, 65 Pac. 681; *City of Emporia v. Railway Co.*, 88 Kan. 611, 129 Pac. 161; *The City of Newton et al. v. The Chicago, Rock Island & Pacific Rly. Co.*, 66 Iowa, 422, 23 N. W. 905; *See v. Railroad Co.*, 123 Iowa, 443, 99 N. W. 906; *State, ex rel. City of St. Paul, v. Minnesota T. Ry. Co.*, 80 Minn. 108, 83 N. W. 32, 50 L. R. A. 656; *State, ex rel., v. St. Paul, M. & M. Rly. Co.*, 98 Minn. 380, 108 N. W. 261.)

The duty of making and maintaining a crossing covers whatever structures are necessary and reasonable, including the necessary approaches, although a part may be outside of the right of way of the railroad. (*Farley v. The C. R. I. & P. R. Co.*, 42 Iowa, 234; *L. & N. R. R. Co. v. Commonwealth*, 149 Ky. 459, 149 S. W. 898; *Moberly v. The K. C., St. J. & C. B. Rly. Co.*, 17 Mo. App. 518; *Moberly v. The K C., St. J. & C. B. Rly. Co.*, 98 Mo. 183, 11 S. W. 569; *Railroad v. State*, 128 Tenn. 172, 159 S. W. 601; *Roxbury v. Railroad Company*, 60 Vt. 121, 14 Atl. 92; 3 Elliott on Railroads, §§ 1097, 1107.)

Apart from the common-law and statutory duties of the company respecting the restoration of the street, there was the contract obligation provided in the ordinance granting the company the right to occupy the streets, which was accepted by the company, to the effect that it would construct suitable crossings at the intersections of streets, and it included the added and continuing duty of maintaining such crossings. The defendant interpreted this obligation to mean that it was required to build a bridge where its road crossed Walnut street, and under the authorities it is its duty to maintain a suitable bridge at this crossing as long as it uses and occupies the street, and when reasonably necessary to rebuild or replace it with a new one. (*The State, ex rel., v. Railway Co.*, 95 Kan. 22, 147 Pac. 801, 57 L. R. A., n. s., 751.) The turning of the waters of

Coon creek into the channel made by the company in making its grade in Benton street, which appears to have been done with the consent of the city, did not relieve it from the duty of making and maintaining suitable crossings at the intersections of the streets, and the bridge in question is a part of the crossing at the intersection of Walnut street. (*Board of County Comm'rs v. Duluth, R. W. & S. R. Co.*, 67 Minn. 213, 69 N. W. 898.)

Objection is made to one of the findings of the trial court, but we discover nothing in it which prejudicially affects the result reached.

The judgment of the district court is affirmed.