No. 19,940.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, *Appellant*, v. THE DELAWARE RIVER DRAINAGE DISTRICT OF JEFFERSON COUNTY, *Appellee*.

### SYLLABUS BY THE COURT.

DRAINAGE DISTRICT—*Public Corporation—Ditches Crossing Highway—Expense of Bridges—District Not Liable.* A drainage district organized under chapter 215 of the Laws of 1905 is a public corporation created by the legislature to perform public functions. Neither by common law nor by statute is any duty imposed upon the drainage district to build or maintain bridges where its ditches cross a public highway, and therefore the board of county commissioners can not maintain an action against the district to recover the expense of constructing such bridges.

Appeal from Jefferson district court; OSCAR RAINES, judge. Opinion filed February 12, 1916. Affirmed.

*H. T. Phinney*, county attorney, *W. P. Waggener, James M. Challiss*, and *A. E. Crane*, all of Atchison, for the appellant.

*S. D. Bishop*, of Lawrence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In 1905 the Delaware river drainage district was duly organized in Jefferson county under the provisions of chapter 215 of the Laws of 1905 (Gen. Stat. 1909, § 3000 *et seq*). Thereafter the corporation proceeded to establish a system for the drainage of lands included in the district, and it became necessary to cut ditches across certain public highways. At three of these places the county board some years later was obliged to erect bridges, and afterward brought this action to recover from the drainage district the cost and expense thereof, aggregating over $12,000. The court sustained a demurrer to the petition and rendered judgment in defendant's favor for costs. The plaintiff appeals.

The only question for determination is whether the county can recover from the drainage district. The plaintiff relies largely upon the principle which controlled the decision in *The State v. Irrigation Co.*, 63 Kan. 394, 65 Pac. 681. That

was a case where a private corporation constructed an irrigation canal for its own purposes. At a place where the canal crossed a public highway it became necessary to construct a bridge. The statute under which the irrigation company constructed the ditch expressly made it the duty of the proprietors of any such irrigation canal to build all necessary bridges and viaducts for the use of the public in crossing. (Laws 1891, ch. 133, art. 4, § 31, Gen. Stat. 1901, § 3677.) It was therefore held to be the duty of the corporation to erect the bridge. And it was held, also, that this duty rested upon the irrigation company independent of the statute, upon the same principle which compels a railway company, where its railroad intersects a public highway, to restore the highway to its former condition of usefulness, and, if necessary to accomplish that end, to erect and maintain bridges. It is well established that this liability is imposed upon a private corporation by common law. (*The State v. Irrigation Co.,* supra, and cases cited in the opinion.) But that principle has no application to a case where the construction of ditches or embankments by a public corporation makes it necessary to improve a highway. The drainage district, like the county, is a quasi public corporation, an arm of the state, created by the legislature to perform a function of government. It derives its authority to exist from the same source as does the county. Both were created by and exist at the pleasure of the legislature. (*In re Dalton,* 61 Kan. 257, 59 Pac. 336; *The State v. Lawrence,* 79 Kan. 234, 100 Pac. 485.)

"That body [the legislature] defines the limits of their powers, and prescribes what they must and what they must not do." (*The State, ex rel., v. Commissioners of Shawnee Co.,* 28 Kan. 431, 434.)

In draining the swamps and lowlands of the district, the drainage board performs a public service and promotes the public health and welfare. Section 35 of chapter 215 of the Laws of 1905 (Gen. Stat. 1909, § 3034) declares the purpose of the act to be "to encourage the improvement of natural watercourses, to protect lands from damage and injury by overflow, and to promote the public health, convenience, and welfare."

The drainage district was incorporated as "a body politic and corporate," to which was granted the "exclusive control

of the beds, channels, banks and of all lands the title to which is vested in the state of Kansas lying between the banks at high-water mark of all natural watercourses within such district." (§ 7, Gen. Stat. 1909, § 3006.)

The fact that the construction of the drains and ditches was intended to and does improve and render more valuable the lands of private individuals, who alone are charged with the cost of the improvement, makes the corporation none the less a quasi public one. Nor does that fact in any sense relieve the county from its duty to maintain and keep the public highways in fit condition for travel. In the act authorizing the creation of the drainage district the legislature made no provision for the payment by the district of the expense of erecting these bridges. No authority is given the district to levy a tax or assessment upon the lands benefited by the drainage system to pay for bridges, at least for those erected after the cost and expense of the system of drainage had been once ascertained and assessed.

The judgment sustaining the demurrer will be affirmed.