## Fiscal Court of Fulton County, et al. v. N. C. & St. L. Railway.

(Decided May 2, 1924.)

### Appeal from Fulton Circuit Court.

1. Railroads—Structures at Crossings Required at Common Law.—At common law the duty was imposed on railroads at a highway already in use, not only to erect such structures as might be necessary to the safety and convenience of the crossing itself, but to maintain and keep them in repair, even though they were partially outside of its right of way.

2. Railroads—Company Not Required to Repair Approaches to Bridge Over Track Outside Right of Way.—Under Ky. Stats., section 768, it is the duty of a railroad company, in the erection of a bridge on a highway over its tracks and the approaches thereto, when it

becomes necessary to go outside of its right of way in the erection of such approaches, to restore the highway to its former condition as near as may be, but it need not thereafter maintain and keep in repair such parts of the approaches as are outside of its right of way.

3. Statutes—When Statute Cannot be said to Continue Common-Law Obligations Stated.—Where a statute is dealing with a specific subject, and the existing rights of parties are fixed under the common law, and that statute, in dealing with that subject, imposes on the parties only a part of the duties imposed by the common law, it may not be said with any degree of assurance that it did not intend to relieve them of such obligations as are not therein imposed.

LON ADAMS for appellants.

B. T. DAVIS, FITZGERALD HALL, FRANK SLEMONS and WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This appeal involves the question whether, under our statute, it is the duty of a railroad company, in the erection of a bridge on a highway over its tracks, and the approaches thereto, when it becomes necessary to go outside of its right of way in the erection of such approaches, not only to restore the highway to its former condition as near as may be, but to thereafter maintain and keep in repair that part of such approaches as are outside of its right of way.

The action was brought by the railroad company against Fulton county and its fiscal court under the Declaratory Judgments Act, disclosing an existing controversy between the company and the fiscal court as to whose duty it was to maintain and keep in repair certain embankments erected by the company outside of its right of way, as approaches to a bridge over its tracks where they intersected the Troy road in Fulton county.

The trial court adjudged it was only the duty of the railroad company to maintain and keep in repair that part of the structure thus erected by it within its right of way, and that it was the duty of the fiscal court to keep in repair that part of the approaches so erected outside of the right of way, and from that judgment the fiscal court and the county have appealed.

Prior to 1911 the company constructed its railroad from Union City, Tenn., to Hickman, Ky., but in 1911 it

became necessary and it did construct its railroad track from one point in Fulton county, Ky., to another point in that county, and in so doing it crossed the Troy road, a public highway of that county. In making such crossing it constructed a bridge on the highway over and above the railroad tracks of the company, and it was necessary to elevate the floor of such bridge above the former roadbed of the public highway, and in so doing to construct fills and embankments on each side of the bridge for some distance outside the right of way so that the travel upon the highway might pass up to and over the bridge at proper grades. Consequently in March, 1911, the company appeared before the fiscal court of Fulton county and filed a blue print showing the manner in which it proposed to change the surface of the highway at and near the point of intersection with its railroad tracks, and entered its motion before the court for permission to make the crossing in the manner shown by the blue print. The court entered an order sustaining the motion and granting such permission upon certain terms which did not affect as between the company and the county the question of maintenance after the same should have been erected.

The defendants filed a demurrer to the petition, and without waiving same filed their joint answer wherein they admitted that in building the approaches to the Troy road bridge the company had restored the highway to its former condition as near as may be, and that the same as so erected had been, for more than eight years after its completion, used by the public with satisfaction and without complaint; but alleging that the approaches were now in bad condition, and had been for two years, and that the approaches outside of the company's right of way are worn away so as to greatly hinder public travel thereon. It is further admitted that such crossing within the company's right of way is in proper condition, and it is then asserted that it is the duty of the company to maintain and keep in proper condition for public travel that portion of the approaches to the bridge outside of the right of way which it was necessary for it to erect so as to make the proper grades in the approaches.

It is alleged in an amended answer that in the alteration of the highway at the Troy crossing, and in the erection of the necessary approaches to the same, the highway was so changed at that point that the expense of

maintenance of such approaches outside of the company's right of way has been increased and will be greater than it was to maintain the highway at the time the crossing was erected. It is also alleged that the crossing and overhead bridge so constructed was partly for the benefit of the railroad company and partly for the benefit and convenience of the traveling public.

At common law the duty was imposed upon railroads in making a crossing at a highway already in use, not only to erect such structures as might be necessary to the safety and convenience of the crossing itself, but to maintain and keep them in repair, even though they were partially outside of its right of way. In many of the states statutes merely declaratory of this common law rule have been enacted, and in the jurisdictions where such statutes exist the rule is still in effect, whether they be general enactments or only charter provisions.

But we have in this state a statute on the subject which must be given a different interpretation. Section 768, Ky. Stats., being a part of article 5, title "Railroads," of chapter 32, title "Corporations," among other things provides:

"Every company shall possess the following powers, and be subject to the following liabilities and restrictions: (subsection 5) to construct its road upon or across any water course, private or plank road, highway, street, lane or alley, and across any railroad or canal; but the corporation shall restore the water course, private or plank road, highway, street, lane, alley, railroad or canal to its former condition, as near as may be."

It will be observed that this statute is dealing directly with the question of erecting crossings by railroad companies across highways, streets, etc., and not only grants certain powers to railroad corporations in making such crossings, but imposes upon them certain duties and responsibilities with reference thereto. In short it appears to be dealing with the whole question, and for that reason must be interpreted as exclusive of and in lieu of all existing rights as between the parties in such matters. It imposes upon the railroad making such a crossing the absolute duty of restoring to its former condition any highway or street thus interfered with; and although it is expressly dealing with the whole subject of the duties

and responsibilities of the railroad respecting such crossings, it is significantly silent in imposing any duty with respect to the maintenance outside of the right of way of such structures as it may be necessary for it to erect in the approaches to the crossing.

The General Assembly must be presumed to have known that under the common law rule this duty of maintenance rested upon the railroad company, and by its silence on that subject while dealing with it, and while imposing other duties upon the railroad company, must be treated as intending to relieve the company of that common law obligation.

This statute is not merely the giving of a statutory remedy in addition to a common law remedy; it is the granting of powers and the imposing of duties and restrictions in the exercise of those powers. If it were a mere statutory remedy created in addition to a common law remedy, it might be said to be merely cumulative and not exclusive, in the absence of a statutory declaration. But where a statute is dealing with a specific subject and the existing rights of parties are fixed under the common law, and that statute in dealing with that subject imposes upon the parties only a part of the duties imposed by the common law, it may not be said with any degree of assurance that it did not intend to relieve them of such obligations as were not therein imposed.

The statute unmistakably intended to supersede the common law on this subject, for if it had gone on and imposed the duty of maintenance it would have been only a restatement of the common law rule itself, and would have made no change in the rights or duties of the parties. If there was no purpose to change the common law rule, but merely to restate it, why should the General Assembly have entirely ignored the question of costs of maintenance of the structures outside the right of way?

It may be conceded that in some of the states under statutory enactments somewhat similar to, but in fact when analyzed very different from our statute, this common law duty of maintenance has been enforced in similar cases; but in the interpretation of our statute where the whole subject was under consideration by the General Assembly, and where that body plainly chose to modify the common law rule by omitting to impose the duty of maintenance, we are impelled to hold that under its terms no such duty rests upon the company.

It stands confessed in the pleadings that the overhead bridge and the approaches thereto were constructed partly for the benefit of the company and partly for the benefit and convenience of the traveling public, and in the light of that fact it may be well doubted whether the duty of maintenance would rest upon the railroad company even under the strict common law rule. However that may be, under a reasonable interpretation of our statute, the company is relieved of the common law obligation to maintain the approaches outside of its right of way.

This interpretation of our statute has heretofore been expressly declared in the case of L. & N. R. R. Co. v. Commonwealth, 149 Ky. 459. That was an indictment against the company for maintaining a common nuisance by suffering a public road where it crosses defendant's railroad track to remain steep on each side of the approach to the railroad track, and by permitting large rocks and other obstructions to be and remain in the road where it crosses the railroad track, by reason of which the crossing was rendered dangerous to the traveling public.

The court, after quoting that part of the statute which has been quoted herein, in discussing the rights and duties of the parties under that statute said:

> "When, as in this case, the railroad company reconstructs its road or builds a new track, it must restore the highway to its original condition as near as may be, and it must construct approaches sufficient for this purpose, although it may be necessary for it to go out on the highway beyond its right of way in building the approach; . . . in such cases the railroad company must make an adequate fill on the highway to give it reasonable grade, and after it has restored the highway to its original condition as near as may be, it is then only bound to keep in order that part of the highway which is within the right of way."

It is insisted, however, for appellants that the question whether it was the duty of the company to maintain and keep in repair the approaches outside of its right of way was not involved in the case quoted from, and that therefore in so far as it applies to that question it is mere *dictum*. But if it be conceded this is true, the fact re-

mains that it is in complete accord with what the court conceives to be the correct interpretation of the statute.

Not only so, this court in the subsequent case of L. & I. R. R. Co. v. Speckman, 169 Ky. 385, where a somewhat similar question was involved in a damage suit, quoted from and approved the rule laid down in the 149 Ky. case. It is true in the Speckman case the court declared it the duty of the company to maintain a retaining wall outside its right of way near a crossing which it had erected as a support both for the railroad bed and the approach to the crossing, which, of course, is only a modification of the rule as applied to the facts of that case.

Judgment affirmed.